UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | CIVIL ACTION |
| | NO. |
| **VERSUS** | |
| | JUDGE |
| **NAVIGATION MARITIME BULGAREA; and BALKAN NAVIGATION LTD** | MAGISTRATE JUDGE |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), and for its Complaint against defendant, Navigation Maritime Bulgarea and Balkan Navigation LTD, respectfully represents upon information and belief as follows:

1.

This claim involves a controversy in excess of $75,000 and a citizen of a state and citizens of a foreign state. Jurisdiction is based on 28 U.S.C. §1332.

2.

Venue is proper because the incident occurred within the district of this Honorable Court.

3.

Plaintiff, Marquette, is a Delaware limited liability company, having its principal place of business in Paducah, Kentucky, and is the owner and/or operator of the KIEFFER BAILEY.

1

4.

The M/V STRANDJA, upon information and belief a foreign flagged vessel which was at all relevant times engaged in maritime commerce in the waters of the United States and the State of Louisiana.

5.

Defendant Navigation Maritime Bulgarea, is, upon information and belief, a foreign Bulgarea company which at all relevant times was the ship manager and/or operator of M/V STRANDJA.

6.

Defendant Balkan Navigation LTD, is, upon information and belief, a foreign Bulgarea company which at all relevant times was the registered owner of the M/V STRANDJA.

7.

On or about January 3, 2019, Marquette's towing vessel KIEFFER BAILEY was pushing six barges down the middle of the Mississippi River having just passed Algiers Point nearing Chalmette, Louisiana.  As KIEFFER BAILEY and her tow were proceeding down the middle of the river near Mile Marker 90, the M/V STRANDJA, with the harbor tug PROVIDENCE alongside her bow, inexplicably and completely unannounced began topping around out of her designated anchorage (General Anchorage) on the right descending bank (West Bank) directly into the established navigational path of the downbound KIEFFER BAILEY and her tow, contrary to good seamanship and in direct violation of the Inland Rules of the Road.  Immediately, the KIEFFER BAILEY radioed STRANDJA on Channel 67 to inform the STRANDJA of her unsafe navigation.  But neither the compulsory pilot onboard nor the master or other navigation officer on watch of the STRANDJA responded, which reflects the vessel's lack of attentiveness to their obligations and improper bridge team communication.  The KIEFFER BAILEY immediately

sounded her danger signal and attempted to steer away from the STRANDJA, but the STRANDJA kept turning broadside in the Mississippi River directly into the path of the downbound KIEFFER BAILEY, ultimately striking her tow and causing a collision. Neither the STRANDJA's compulsory pilot nor master or other navigation officer on watch ever responded to the KIEFFER BAILEY on Channel 67.

8.

As result of the Defendants' negligence and unseaworthiness of the M/V STRANDJA, Marquette has incurred liabilities and damages, including but limited to barge damage, loss of use, survey and salvage fees, and other expenses, interest, and costs, all of which are claimed and demanded as recoverable damages in this Complaint.

9.

Further, certain crewmembers aboard the KIEFFER BAILEY have alleged to have sustain certain physical and emotional injuries as a result of the casualty, and Marquette seeks contribution and/or indemnity from Defendants for any and all maintenance and cure obligations or legal liabilities that it incurred or will incur as a result of same.

10.

Marquette requests a trial by jury.

WHEREFORE, the premises considered, Plaintiff respectfully prays:

1. That a summons and a copy of this complaint be served upon Navigation Maritime Bulgarea and Balkan Navigation LTD via the Louisiana Long Arm Statute LA R.S. 13:3201 and the Louisiana Secretary of State as permitted by LA R.S. 13:3479 - Operation of watercraft by non-resident as appointment of secretary of state as agent for service of process.

PD.25202068.1

2. That, after due proceedings, there be judgment rendered in favor of Marquette and against defendants Navigation Maritime Bulgarea and Balkan Navigation LTD; and

3. That Marquette be awarded such other relief as it is entitled to receive at law or in equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Adam N. Davis
Evans Martin McLeod (Bar #24846)
Adam N. Davis (Bar #35740)
Justin C. Warner (Bar #37349)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: marty.mcleod@phelps.com
Email: adam.davis@phelps.com
Email: justin.warner@phelps.com

ATTORNEYS FOR PLAINTIFF
MARQUETTE TRANSPORTATION
COMPANY GULF -INLAND, LLC