UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC<br><br>VERSUS<br><br>NAVIGATION MARITIME BULGAREA; and BALKAN NAVIGATION LTD | CIVIL ACTION NO.:19-10927<br><br>SECTION G \| DIVISION 2<br><br>JUDGE BROWN<br><br>MAGISTRATE WILKINSON |
|---|---|

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

MAY IT PLEASE THE COURT:

Crescent Towing & Salvage Co., Inc. ("Crescent") prays that this Honorable Court grant its Motion for Summary Judgment and find that it does not bear any liability in this matter as its tug, M/V PROVIDENCE ("PROVIDENCE"), was an assist tug operating under the orders and control of a pilot aboard M/V STRANDJA ("STRANDJA"). PROVIDENCE followed all orders and instructions of the pilot and did nothing independent of those orders and instructions that contributed to the collision between STRANDJA and M/V KIEFFER E BAILEY ("BAILEY"). For these reasons and discussed in more detail hereinafter, Crescent moves this Honorable Court to enter judgment finding Crescent free from fault in contributing to the collision underlying this lawsuit.

## FACTS

Crescent owns and operates assist tugs to provide help to ocean going ships. Crescent assist tugs take directions from the pilot aboard these ships in regards to how the pilot would like the assist tugs to act upon the ship. See Exhibit 1, Pilot Robert Johnson's Responses to Requests for Admission at Response No. 5. On January 3, 2019, two Crescent assist tugs, PROVIDENCE and POINT CLEAR, were in the area of general anchorage where STRANDJA was anchored and

waited to see if the ship would need assistance as it began un-anchoring operations.  See Exhibit 1 at Response No. 2.  Once the compulsory pilot, Robert Johnson, boarded STRANDJA, he advised the two assist tugs that the ship had only ordered one tug and as such, POINT CLEAR departed and PROVIDENCE remained to assist. Exhibit 1 at Response No. 3. Pilot Johnson then ordered PROVIDENCE to the port bow of STRANDJA. Exhibit 1 at Response No. 6; Exhibit 2, Deposition of Pilot Robert Johnson at p.49, 196, and 312.  PROVIDENCE then moved to the port bow of the ship and laid alongside the ship awaiting further orders. Exhibit 1 at Response No. 6 and 7; Exhibit 2 at p. 49 and 312; Exhibit 3, Affidavit of Capt. Mike Gegenheimer (Captain of PROVIDENCE). Pilot Johnson did not give any other orders prior to STRANDJA and BAILEY colliding with each other.  Exhibit 1 at Response No. 7; Exhibit 2 at p. 312 and 313; Exhibit 3.

As PROVIDENCE laid alongside STRANDJA waiting for its orders, the crew noticed that the collision between STRANDJA and BAILEY was imminent and, in order to protect the tug and its crew, PROVIDENCE peeled back from the port bow of STRANDJA just prior to the collision. Exhibit 3. PROVIDENCE simply followed the orders of the pilot and awaited further instructions until that time when the collision was imminent.  Exhibit 1 and Exhibit 3.

There has been no testimony from any witnesses to the accident that PROVIDENCE played any role in causing the collision.  Pilot Johnson specifically testified that PROVIDENCE did not contribute the collision between STRANDJA and BAILEY. Exhibit 2 at p. 313 The captain and third officer of STRANDJA testified that they had no interactions with the tugs and deferred to the pilot in regards to what PROVIDENCE had been ordered to do.  Exhibit 4, Deposition of Capt. Kirl Karapanov at p. 514-517 and Exhibit 5, Deposition of Third Officer Victor Kokoshya at p. 276-277.  The Chief Officer of STRANDJA, who was on the forecastle at the time of the collision, testified that he could not see PROVIDENCE, did not hear any of the orders given to

PROVIDENCE, and did not know what the PROVIDENCE was doing at the time of the collision. Exhibit 6, Deposition of Chief Officer Ivan Vasilev at p. 131-132.  Additionally, the captain of BAILEY, Jerrel Nobles, testified that he assumed that PROVIDENCE may have been pushing STRANDJA as that what assist tugs normally do when they are in that position, but based on his recollection he did not know for sure what PROVIDENCE was doing just prior to the collision. Exhibit 7, Deposition of Capt. Jerrel Nobles at p. 208-216. Further, Capt. Gegenheimer, the captain of PROVIDENCE,  at the time of the collision confirmed that the assist tug followed all orders of the pilot by moving to the STRANDJA's port bow and laying alongside the port bow awaiting additional orders.  Exhibit 3.  He further confirmed that PROVIDENCE only peeled off the port bow of STRANDJA when the collision was imminent.  *Id*.

## LAW AND ARGUMENT

"Assist tugs have a duty to follow orders of others rather than taking action on their own." *In re Can Do Inc*, 2004 WL 2216529, (E.D. La. 2004) (citing *Crowley Am. Transp., Inc. v. Double Eagle Marine, Inc.* 208 F. Supp 2d 1250, 1267 (S.D. Ala 2002); *see also Baker, Carver & Morrell Ship Supplies v. Mathiasen Co.*, 140 F.2d 522, 525 (2d Cir. 1944)[1].  An assist tug under the orders of another and who carries out such orders is not liable for a collision between the vessel whose authority it is under and a third vessel absent some independent negligence on behalf of the tug. *Baker*, 140 F.2d at 525; *see also The Stella,* 278 F. 939 (5th Cir. 1922); *The Connecticut*, 103 U.S. 710 (1880); *In re Walsh*, 136 F. 557 (5th Cir. 1905); *Old Tim Molasses Co. V. U.S.*, 31 F.2d 1963

---

[1] "A tug in such a situation while acting wholly under the direction of the steamer and her pilot is not liable for damage done in the course of the movement of the steamer being assisted unless it is shown that she is guilty of some independent negligence."

(5th Cir. 1929); *Osprey Ship Management Inc. V. Jackson County Port Authority*, 2007 WL 4287708 (S.D. Miss. 2007)[2].

For example, in *Crowley* the district court found that the assist tugs were not at fault when the tugs were under the control of a pilot and the barge they were assisting collided with another vessel. 2008 F. Supp at 1267. In that case, three assist tugs were positioned on a heavy oil barge being towed by another tug with a pilot on board. The tug with the pilot was supposed to drop its towing gear from the barge and re-position itself the notch in order to dock the barge with the help of the assist tugs. *Id.* However, when the tug with the pilot dropped its towing gear, heavy fog came in and the tug with the pilot was unable to see the oil barge and re-position itself. The pilot gave no further orders to the assist tugs and because of this, the oil barge starting drifting and eventually collided with another vessel. *Id.* The noting that "assist tugs are to follow order rather than take action of their own accord," the district court reasoned that the testimony of the pilots involved clearly shows that the assist tugs "were simply along for the ride until given specific orders regarding what actions or maneuvers to take" and found that the assist tugs were not liable for the collision. *Id.*

Like the assist tugs in *Crowley*, in this case, the assist tug PROVIDENCE put itself in position along a vessel as ordered by the pilot but was given no further orders until a collision occurred between STRANDJA and BAILEY. PROVIDENCE placed itself on the port bow of STRANDJA as ordered by Pilot Johnson and laid alongside the ship awaiting further orders. After that time, PROVIDENCE was "simply along for the ride" as no other orders were given by the pilot. Further, there has been no testimony to date showing any negligence on the part of

---

[2] "When a[n] [assist] tug is merely providing the motive power to the towed ship, with the towed ship's personnel exclusively directing and controlling the movements of both vessels, then fault cannot be imputed to an otherwise non-negligent tug."

PROVIDENCE in carrying out Pilot Johnson's orders.  In fact, Pilot Johnson specifically testified that PROVIDENCE followed his orders and instructions and did not contribute to the collision in any way.

The duty of the assist tug is to follow orders and directions rather than take actions on its own.  In this case, PROVIDENCE did just that by following Pilot Johnson's orders and there has been no other evidence to show that the PROVIDENCE was somehow negligent in carrying out those orders.  For these reasons as detailed above, Crescent's Motion for Summary Judgement should be granted, and this Honorable Court should enter a judgment finding that Crescent does not bear any liability in the collision which underlies this lawsuit.

Respectfully submitted,

SALLEY, HITE, MERCER & RESOR, LLC

*/s/ Kevin Frey*
DAVID M. FLOTTE (#1364)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, LA 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com
*Counsel for Crescent Towing & Salvage Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/ Kevin Frey*
KEVIN M. FREY