UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10927** |
| **NAVIGATION MARITIME BULGAREA et al.** | **SECTION: "G"** |

**ORDER AND REASONS**

Pending before the Court is Third Party Defendant Crescent Towing & Salvage Co., Inc.'s ("Crescent") "Motion for Summary Judgment."[1] The instant motion was set for submission on July 28, 2021.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. To date, no party has filed an opposition and the motion for summary judgment is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it is not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, for the reasons that follow, the Court grants the motion and enters summary judgment in favor of Crescent.

## I. Background

### A.  *Factual Background*

This litigation arises out of a collision between two vessels navigating the Mississippi River near Chalmette, Louisiana.[4] According to the Complaint, on January 3, 2019, Plaintiff Marquette

---

[1] Rec. Doc. 76.

[2] Rec. Doc. 76-10.

[3] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1 at 2–3.

1

Transportation Company Gulf-Inland, LLC's ("Plaintiff") vessel, *Kieffer Bailey* (the "*Bailey*"), was proceeding down the middle of the Mississippi River. Defendants Navigation Maritime Bulgarea JSC and Balkan Navigation LTD's (collectively, "Defendants") vessel, *M/V Strandja* (the "*Strandja*"), with the aid of the assist tug *M/V Providence* (the "*Providence*"), was conducting un-anchoring operations.[5] Plaintiff asserts that "inexplicably and completely unannounced," the *Strandja* steered directly into the *Bailey*'s navigational path.[6] Plaintiff alleges that Defendants' vessel struck and damaged Plaintiff's vessel.[7] Plaintiff's crewmembers allegedly sustained physical and emotional injuries.[8]

### B.    *Procedural History*

On June 6, 2019, Plaintiff filed a Complaint in this Court against Defendants.[9] On June 21, 2019, Defendant Balkan Navigation answered the Complaint and filed a counterclaim against both Plaintiff and the *Bailey* to recover damages incurred by the *Strandja*.[10] On September 11, 2019, Plaintiff answered the counterclaim and filed a third-party complaint against Crescent, the alleged owner of the assist tug, *M/V Providence* (the "*Providence*"), that pulled Defendants' vessel on the

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 1.

[10] Rec. Doc. 6.

date of the collision.[11] Plaintiff also filed a third-party complaint against the pilot of the tug, Robert Johnson ("Johnson").[12]

## II. Crescent's Arguments in Support of Its Motion for Summary Judgment

### A.   *Crescent's Uncontested Material Facts*

Crescent submits the following uncontested material facts in support of its motion for summary judgment.[13] On January 3, 2019, Crescent's assist tug, the *Providence*, was near the area where the *Strandja* was anchored.[14] Pilot Johnson boarded the *Strandja* as a compulsory pilot to direct the un-anchoring operation.[15] Johnson directed the *Providence* to position itself on the port bow of the *Strandja*.[16] The *Providence* complied and laid alongside the *Strandja* awaiting further orders.[17] Pilot Johnson gave no further orders to the captain or crew of the *Providence*.[18] As the *Providence* lay alongside the *Strandja*'s port bow, the crew noticed that the collision between the *Strandja* and the *Bailey* was imminent.[19] "[T]o protect the tug and its crew, [the *Providence*] peeled back from the port bow of [the *Strandja*] just prior to the collision."[20] Crescent asserts that "[t]here

---

[11] Rec. Doc. 17 at 11.

[12] *Id.* at 6.

[13] Rec. Doc. 76-2. Given that the motion is unopposed, the Court deems these facts admitted pursuant to Local Rule 56.2. *See* EDLA Local Rule 56.2.

[14] Rec. Doc. 76.2 at 1. Another tug owned by Crescent—the *Point Clear*—was also in the area. *Id.* However, Pilot Johnson informed the two tugs that the *Strandja* ordered only one tug and the *Point Clear* departed. *Id.* at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id. See also* Rec. Doc. 76-4 at 4 (Ex. 2 Deposition of Pilot Johnson).

[19] Rec. Doc. 76-2 at 2.

[20] *Id.*

has been no testimony from any witness to the accident that [the *Providence*] played any role in causing the collision.[21]

### B.     *Arguments in Support of Summary Judgment*

In support of summary judgment, Crescent argues that an assist tug under the orders of another vessel is "not liable for a collision between the vessel whose authority it is under and a third vessel absent some independent negligence on behalf of the tug."[22] Moreover, Crescent avers that "[a]ssist tugs have a duty to follow orders of others rather than taking action on their own."[23] In support of this argument, Crescent asserts that there is no testimony showing any negligence on the part of the *Providence*. Crescent points to Pilot Johnson's testimony that the *Providence* "followed his orders and instructions and did not contribute to the collision in any way."[24] Additionally, Crescent asserts that the captain and third officer of the *Strandja* testified that they did not give any orders to the tug.[25] The *Strandja*'s chief officer "was on the forecastle at the time of the collision" and had no knowledge of what *Providence* was doing or any orders it received.[26] Finally, Crescent submits that the captain of the *Providence* testified that he followed all orders of Pilot Johnson.[27] Accordingly, Crescent argues that it is entitled to summary judgment as a matter

---

[21] *Id.*

[22] Rec. Doc. 76-1 at 3 (citing *Baker, Carver & Morrell Ship Supplies v. Mathiasen Co.*, 140 F.2d 522, 525 (2d Cir. 1944); *The Stella*, 278 F. 939, 940 (5th Cir. 1922); *The Connecticut*, 103 U.S. 710, 712 (1880); *In re Walsh*, 136 F. 557, 558–60 (5th Cir. 1905); *Old Time Molasses Co. v. United States*, 31 F.2d 963, 966 (5th Cir. 1929); *Osprey Ship Mgmt., Inc. v. Jackson Cnty. Port Auth.*, 2007 WL 4287708, at *4 (S.D. Miss. Dec. 4, 2007)).

[23] *Id.* (quoting *In re Can Do, Inc. I*, 2004 WL 2216529, at *9 (E.D. La. Sept. 30, 2004) (Africk, J.)).

[24] *Id.* at 5.

[25] *Id.* at 2.

[26] *Id.* at 2–3.

[27] *Id.* at 3.

of law because there is no genuine issue of material fact that the *Providence* contributed to the collision.[28]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[30] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[31] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[32] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[33]

---

[28] *Id.* at 5.

[29] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[30] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[31] *Celotex*, 477 U.S. at 323.

[32] *Id.* at 325.

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

## IV. Analysis

It is well-settled law that an assist tug, following the orders of the vessel it is assisting, is not liable for a collision absent a showing of negligence on the part of the tug.[34] Here, the Court finds that there is no issue of material fact that Crescent's ship, the *Providence*, followed all orders of the vessel it was assisting and did not contribute to the collision. In the Responses to Requests for Admission, Pilot Johnson indicated that the *Providence* followed all of his orders.[35] Likewise, at his deposition, Pilot Johnson testified to the same and further testified that the *Providence* did not contribute in any way to the collision.[36] The captain of the *Providence*, Captain Michael Gegenheimer, testified that he followed all orders of Pilot Johnson.[37] Both the captain and the third officer of the *Strandja* testified that they did not give any orders to the *Providence*.[38] As a result, the Court finds that Crescent's unopposed motion for summary judgment has merit.

## V. Conclusion

Given there is no genuine issue of material fact, summary judgment is appropriate. For the reasons detailed above, the Court finds that Crescent's tugboat, the *Providence*, is not liable for the collision and Crescent is entitled to summary judgment. Accordingly,

---

[34] *In re Walsh*, 136 F. at 560. *See also Sturgis v. Boyer*, 65 U.S. 110, 122 (1860); *Moran Towing & Transp. Co. v. Empresa Hondurena de Vapores*, 194 F.2d 629, 632 (5th Cir. 1952); *Old Time Molasses Co.*, 31 F.2d at 965; *The Stella*, 278 F. at 940; *United States v. Port of Portland*, 300 F. 724, 727 (9th Cir. 1924).

[35] Rec. Doc. 76-3 at 3 (Ex. 1 Resps. to Req. for Admis. of Pilot Johnson).

[36] Rec. Doc. 76-4 at 5 (Ex. 2 Dep. of Pilot Johnson).

[37] Rec. Doc. 76-5 at 1–2 (Ex. 3 Aff. of Capt. Michael Gegenheimer).

[38] Rec. Doc. 76-6 at 3 (Ex. 4 Dep. of Capt. Kiril Karapanov); Rec. Doc. 76-7 at 2–3 (Ex. 5 Dep. of Third Off. Viktor Kokoshyan).

**IT IS HEREBY ORDERED** that Third Party Defendant Crescent Towing & Salvage Co., Inc.'s "Motion for Summary Judgment"[39] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Marquette Transportation Company Gulf-Inland, LLC's claims against Third Party Defendant Crescent Towing & Salvage Co., Inc. are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 26th day of August, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[39] Rec. Doc. 76.