**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARQUETTE TRANSPORTATION CO. GULF-INLAND LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-10927** |
| **NAVIGATION MARITIME BULGAREA et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Third-Party Defendant Robert Johnson's ("Johnson") "Motion for Partial Summary Judgment."[1] In the motion, Johnson requests that the Court dismiss Plaintiff Marquette Transportation Co. Gulf-Inland, LLC's ("Marquette") Third-Party Complaint[2] against him, arguing that Marquette has not identified any clear and convincing evidence of Johnson's gross negligence or willful misconduct.[3] Marquette opposes the motion, arguing that a genuine dispute of material fact exists as to Johnson's conduct.[4] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court denies the motion.

## I. Background

According to the Complaint, on January 3, 2019, Marquette's vessel, the *Kieffer Bailey* (the "*Bailey*"), was proceeding down the middle of the Mississippi River near Chalmette, Louisiana when Defendants Navigation Maritime Bulgarea and Balkan Navigation, Ltd.'s (collectively, "Defendants") vessel, the *Strandja*, allegedly steered directly into the *Bailey*'s

---

[1] Rec. Doc. 123.

[2] Rec. Doc. 15.

[3] Rec. Doc. 123 at 1.

[4] Rec. Doc. 131.

navigational path.[5] Marquette alleges that Defendants' vessel struck and damaged Marquette's vessel.[6] Marquette's crewmembers allegedly sustained physical and emotional injuries.[7]

On June 6, 2019, Marquette filed a Complaint in this Court against Defendants.[8] On June 21, 2019, Defendant Balkan Navigation Ltd. answered the Complaint and filed a counterclaim against both Marquette and the *Bailey* to recover damages incurred by the *Strandja*.[9] On September 11, 2019, Marquette answered the counterclaim and filed a third-party complaint against Crescent, the alleged owner of the assist tug, *M/V Providence* (the "*Providence*"), that pulled Defendants' vessel on the date of the collision.[10] Marquette also filed a third-party complaint against Johnson, the compulsory pilot aboard the *Strandja*.[11]

On September 27, 2021, Johnson filed the instant motion for partial summary judgment.[12] On October 12, 2021, Marquette filed its opposition.[13] On October 25, 2021, with leave of Court, Johnson filed a reply.[14]

---

[5] Rec. Doc. 1 at 1–2.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.* at 1.

[9] Rec. Doc. 6.

[10] Rec. Doc. 17 at 4–5.

[11] *Id.* at 6.

[12] Rec. Doc. 123.

[13] Rec. Doc. 131.

[14] Rec. Docs. 135, 142, 143.

## II. Parties' Arguments

### A.    *Johnson's Arguments in Support of the Motion for Summary Judgment*

In the motion, "Johnson admits there are a number of material contested facts."[15] Nevertheless, Johnson argues that Marquette's allegations, if accepted as true, do not meet the "clear and convincing" standard required for a finding of gross negligence under Louisiana Revised Statute § 34:1137 ("La. R.S. 34:1137").[16] Johnson asserts that under La. R.S. 34:1137 a state commissioned river pilot can only be held liable if there is clear and convincing evidence that the pilot's gross negligence or willful misconduct caused the damages.[17]

Johnson advances several arguments that Marquette's allegations against Johnson do not rise to the level of gross negligence.[18] For example, Johnson asserts that Marquette's allegation that he was in a "hurried" and "rushed" state "do[] not equate to an intentional act of 'unreasonable character in reckless disregard of the risk.'"[19] Similarly, Johnson avers that Marquette has produced no evidence that Johnson's alleged failure to conduct a master pilot exchange caused the collision at issue.[20] Johnson also asserts that he "explained numerous times during his deposition" why his alleged "intentional and callous failure to announce [the unanchoring]" was justified.[21] Additionally, Johnson argues that Marquette's expert Wayne Wilson does not include any

---

[15] Rec. Doc. 123-1 at 5.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 9.

[19] *Id.* at 9–10 (quoting *Cates v. Beauregard Elec. Coop., Inc.*, 316 So. 2d 907, 916 (La. App. 3 Cir. 1975)).

[20] *Id.* at 10.

[21] *Id.*

evidence of gross negligence in his report.[22] Therefore, Johnson asserts that Marquette's allegations fail to describe behavior rising to the level of gross negligence and that he is entitled to summary judgment dismissing Marquette's third-party complaint against him.[23]

**B.    *Marquette's Arguments in Opposition to the Motion for Summary Judgment***

In opposition, Marquette argues that Johnson's motion should be denied because "the record is . . . sufficient to create a genuine dispute [of fact.]"[24] Marquette contends that the allegations alone are sufficient to find Johnson grossly negligent.[25] Additionally, Marquette points to evidence in the record that it asserts "create[] disputed issues of fact."[26] According to Marquette, in the lead up to the collision Johnson (1) intended to get the *Strandja* out of anchorage "as quick as possible,"[27] (2) did not conduct the required master-pilot exchange,[28] discuss the maneuver with the crew, or announce it to oncoming traffic,[29] (3) engaged in a non-navigational cell phone call in violation of U.S. Coast Guard policy,[30] and (4) ignored the *Bailey*'s whistle calls and the concerns[31] of the *Strandja*'s own crew.[32]

---

[22] *Id.* at 15–16.

[23] *Id.* at 19–20.

[24] Rec. Doc. 131 at 1.

[25] *Id.* at 2.

[26] *Id.* at 4.

[27] *Id. See also* Rec. Doc. 131-6 at 17–18; Rec. Doc. 131-7 at 3–8; Rec. Doc. 131-8; Rec. Doc. 131-9 at 16.

[28] Rec. Doc. 131 at 4. *See also* Rec. Doc. 131-9 at 14.

[29] Rec. Doc. 131 at 4. *See also* Rec. Doc. 131-14 at 11–12.

[30] Rec. Doc. 131 at 4–7. *See also* Rec. Doc. 105 at 8; Rec. Doc. 131-14 at 11–12.

[31] Rec. Doc. 131 at 4. *See also* Rec. Doc. 131-6 at 7–8.

[32] Rec. Doc. 131 at 2–4. *See also* Rec. Doc. 131-8 at 1.

Marquette also points to additional record evidence in support of Johnson's alleged gross negligence.[33] Specifically, Marquette produces a response to a subpoena from the Board of River Port Pilot Commissioners (the "Board").[34] The response indicates that, after receiving a copy of Marquette's third-party complaint, the Board levied a fine against Johnson, suspended him, and ordered him to undergo a "tune up" at the Maritime Pilot Institute.[35] Marquette asserts the Board "also determined that Johnson was not candid when he initially reported the casualty to them."[36] Similarly, Marquette produces evidence that it asserts shows Johnson has been disciplined by the Board both before and after this incident.[37] Therefore, Marquette contends that there is "ample evidence to support a finding of gross negligence in this case."[38]

Next, Marquette argues that the "clear and convincing" standard in La. R.S. 34:1137 is preempted under the Supremacy Clause.[39] Marquette contends that, under Supreme Court precedent, state laws that "work[] material prejudice to the characteristic features of the general maritime law" are void under the Supremacy Clause.[40] Marquette asserts that the standard of proof for negligence under maritime law is a preponderance of evidence.[41] Thus, Marquette argues that La. R.S. 34:1137 creates "a body of law that is 'purely local'" and which cannot apply under

---

[33] Rec. Doc. 131 at 3.

[34] *Id. See also* Rec. Doc. 131-14.

[35] Rec. Doc. 131 at 3. *See also* Rec. Doc. 131-14 at 12.

[36] Rec. Doc. 131 at 3. *See also* Rec. Doc. 131-14 at 11.

[37] Rec. Doc. 131 at 7–8. *See also* Rec. Doc. 131-14.

[38] Rec. Doc. 131 at 11.

[39] *Id.*

[40] *Id.* at 11 (quoting *S. Pac. Co. v. Jensen*, 244 U.S. 205, 216 (1917)).

[41] *Id.* at 12.

general maritime law.[42] Finally, Marquette argues that, under either standard, it has "raised a genuine issue of material fact" and thus summary judgment should be denied.[43]

## C.    Johnson's Arguments in Further Support of the Motion for Summary Judgment

In reply, Johnson argues that La. R.S. 34:1137 is not preempted by federal law.[44] Johnson cites to 46 U.S.C. § 8501(a) which provides that "pilots in the bays, rivers, harbors and ports of the United States shall be regulated only in conformity with the laws of the States."[45] Johnson asserts this statute "explicitly and directly allocate[s] the regulation of pilots to the States."[46] Johnson notes that Marquette cites to no authority to support its assertion that the statute does not apply to liability standards.[47]

On the merits, as an initial matter, Johnson raises an evidentiary objection to Exhibit 4 of Marquette's opposition.[48] According to Johnson, under Title 46 of the Louisiana Administrative Code, Section 3601, findings and conclusions of the Board are "solely and exclusively the opinion of the [B]oard . . . and [are] not intended to be introduced as evidence in legal proceedings."[49]

---

[42] Id. at 12–13.

[43] Id. at 14.

[44] Rec. Doc. 143 at 2.

[45] Id.

[46] Id.

[47] Id. at 2–3.

[48] Id. at 5. Johnson also expresses concern that Exhibit 4 contains un-redacted checks with his full personal bank account number. Id. at 6. On October 25, 2021, Marquette moved to supplement Exhibit 4 with a properly redacted version, which this Court granted. Rec. Docs. 140, 149. Therefore, Johnson's concern has been addressed.

[49] Id. at 5 (quoting La. Admin. Code tit. 46, § 3601).

Additionally, Johnson asserts that Exhibit 2 to Marquette's opposition should be stricken for various reasons, including that it was never produced to Johnson, is unauthenticated, lacks evidentiary foundation, is inaccurate and misleading, was not produced timely pursuant to the Scheduling Order, and was not part of an expert report to authenticate and admit the exhibit. Id. at 4–5. See also Rec. Doc. 132. For the reasons the Court already expressed in a prior Order, see Rec. Doc. 117 at 5, n.27, it need not address these arguments because the Court did not consider Exhibit 2 in reaching its decision.

Johnson also argues that the Board's report contains inadmissible hearsay under Federal Rule of Evidence 801 and impermissible prior bad acts evidence under Federal Rule of Evidence 404.[50] Next, Johnson argues that Marquette has not offered any clear and convincing evidence that Johnson's conduct was grossly negligent.[51] Johnson asserts that Marquette repeatedly misrepresents the record evidence that it cites to as establishing disputed issues of fact.[52] For example, Johnson notes that Marquette asserts that he testified that he never conducted a master pilot exchange, "but cites to testimony in which . . . Johnson questions whether the [*Strandja*]'s microphones picked up the exchange."[53] Finally, Johnson argues that Marquette has not "cite[d] any legal authority that supports a finding of gross negligence based on the evidence here."[54]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[55] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[56] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

---

[50] Rec. Doc. 143 at 5.

[51] *Id.* at 4.

[52] *Id.* at 6.

[53] *Id.*

[54] *Id.* at 8–10.

[55] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[56] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[57] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[58] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[59]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[60] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[61] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[62] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[63] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is

---

[57] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[58] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[59] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[60] *Celotex*, 477 U.S. at 323.

[61] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[62] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[63] *Little*, 37 F.3d at 1075.

sufficient to permit a reasonable trier of fact to find for the nonmoving party.[64] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[65] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[66] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[67]

## IV. Analysis

Johnson moves for summary judgment, arguing that Marquette cannot show by clear and convincing evidence that his conduct amounted to gross negligence or willful misconduct.[68] Marquette argues that a genuine dispute of material fact exists as to Johnson's conduct.[69]

As an initial matter, the Court need not consider Johnson's evidentiary objections to Exhibit 4 to Marquette's opposition. The Court finds that there is sufficient evidence in the record for the Court to decide this motion without considering Exhibit 4.[70]

Next, the Court turns to Johnson's argument that he is entitled to summary judgment because Marquette cannot show by clear and convincing evidence that his conduct was grossly

---

[64] *Anderson*, 477 U.S. at 248.

[65] *Little*, 37 F.3d at 1075.

[66] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[67] *Armstrong v. City of Dall.*, 997 F.2d 62 (5th Cir. 1993).

[68] Rec. Doc. 123 at 1.

[69] Rec. Doc. 131.

[70] Additionally, the parties have not had an opportunity to fully brief these evidentiary issues for the Court.

negligent or willful misconduct.[71] Gross negligence is "harm [that is] willfully inflicted or caused by gross or wanton negligence."[72] On a motion for summary judgment, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[73] The Court finds that Marquette has pointed to sufficient record evidence to establish genuine issues for trial.

Johnson himself concedes that there are issues of fact in dispute.[74] Johnson argues that even given these disputed issues of fact, Marquette cannot show by clear and convincing evidence that Johnson was grossly negligent.[75] However, Johnson's arguments all go to the weight of the evidence. Johnson argues that Marquette's allegations that he was "hurried" and "rushed" do not amount to gross negligence.[76] Johnson contends that Marquette has no evidence that Johnson's alleged failure to conduct a master-pilot exchange lead to the collision.[77] Marquette asserts that Johnson's failure to "announce that he would be intentionally topping out of the designated anchorage" was grossly negligent.[78] In response, Johnson asserts that he "explained numerous times during his deposition" why he felt he did not need to announce these "movements to approaching river traffic."[79] Johnson argues that the Coast Guard Safety Alert advising against

---

[71] Rec. Doc. 123.

[72] *Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987). *Accord Hous. Expl. Co. v. Halliburton Energy Servs., Inc.*, 269 F.3d 528, 531–32 ("[G]ross negligence is willful, wanton and reckless conduct that falls between intent to do wrong and ordinary negligence.") (explaining Louisiana law).

[73] *Delta & Pine Land Co.*, 530 F.3d at 398–99.

[74] Rec. Doc. 123-1 at 5.

[75] *Id.*

[76] *Id.* at 9–10.

[77] *Id.* at 10.

[78] *See id.* (quoting Rec. Doc. 17 at 10).

[79] *Id.*

using a cellphone during navigation "is [not] a mandatory regulation."[80] Johnson explains that he "did not hear" the *Bailey*'s signals, explaining that it was unclear who the *Bailey* was trying to signal.[81] And Johnson asserts that the *Strandja*'s "efforts to persuade" him to "focus" on the *Strandja*'s navigation amounted to "a single exchange."[82]

These arguments are for a jury, as the finder of fact, to decide. On a motion for summary judgment, it is inappropriate for a Court to weigh the evidence.[83] The Court finds that Marquette has carried its burden of pointing to record evidence that demonstrates a dispute of fact sufficient to permit a reasonable trier of fact to find for Marquette.[84] Marquette produced evidence that the *Strandja*'s crew perceived Johnson as "visibly in a hurry" and refused to follow Johnson's direction to begin unanchoring before Johnson even boarded the *Strandja*.[85] Marquette points to Johnson's deposition testimony that he did not know whether he ever "conduct[ed] a discussion with the master about how [the *Strandja*] would depart the anchorage."[86] Marquette provides Johnson's deposition testimony where he states he never signaled to the *Bailey*.[87] Marquette includes deposition testimony that Johnson was on his cell phone during the unanchoring, that he

---

[80] *Id.* at 11.

[81] *Id.* at 12.

[82] *Id.* at 14.

[83] *Delta & Pine Land Co.*, 530 F.3d at 398–99.

[84] *Anderson*, 477 U.S. at 248.

[85] *See* Rec. Doc. 131-6 at 9–10; 17–18.

[86] Rec. Doc. 131-9 at 172. Notably, Johnson disputes that this testimony even demonstrates that he did not conduct a master-pilot exchange—clearly an issue for the jury to resolve. *See* Rec. Doc. 143 at 6.

[87] Rec. Doc. 131-9 at 18.

heard another vessel signal during this phone call, and that the crew tried to warn him about the *Bailey*'s approach.[88]

Whether an individual's acts amount to gross negligence "depends on the particular circumstances of each case."[89] "Individual pieces of evidence might not alone establish gross negligence, but the evidence may cumulatively show reckless conduct."[90] Thus, the question of whether the evidence in this case is "clear and convincing" of gross negligence is the province of the finder of fact. Accordingly, the Court denies Johnson's motion.

### V. Conclusion

For the reasons set forth above, the Court finds that summary judgment is inappropriate because there are disputes of material fact. Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Robert Johnson's ("Johnson") "Motion for Partial Summary Judgment"[91] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___17th___ day of January, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[88] Rec. Doc. 131-6 at 11; Rec. Doc. 131-9 at 24; Rec. Doc. 131-8 at 1–2.

[89] *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 411 (5th Cir. 1982).

[90] *Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs., Co.*, No. 06-3043, 2007 WL 2811001, at *7 (E.D. La. Sept. 25, 2007) (Vance, J.).

[91] Rec. Doc. 123.