## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION CO. GULF-INLAND LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-10927** |
| **NAVIGATION MARITIME BULGAREA et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Third-Party Defendant Robert Johnson's ("Johnson") "Motion in Limine to Exclude Board of Commissioners Findings and Conclusions."[1] In the motion, Johnson requests that the Court prohibit Plaintiff Marquette Transportation Co. Gulf-Inland, LLC's ("Marquette") from introducing any evidence about three Findings and Conclusions issued by the Board of River Port Pilot Commissioners (the "Board") regarding Johnson.[2] Marquette opposes the motion, arguing that the Board's Findings and Conclusions are admissible and that Johnson waived the right to assert any privilege.[3] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court grants the motion.

### I. Background

According to the Complaint, on January 3, 2019, Marquette's vessel, the *Kieffer Bailey* (the "*Bailey*"), was proceeding down the middle of the Mississippi River near Chalmette, Louisiana when Defendants Navigation Maritime Bulgare JSC and Balkan Navigation, Ltd.'s (collectively, "Defendants") vessel, the *Strandja*, allegedly steered directly into the *Bailey*'s

---

[1] Rec. Doc. 180.

[2] Rec. Doc. 180-1 at 1.

[3] Rec. Doc. 192.

1

navigational path.[4] Marquette alleges that Defendants' vessel struck and damaged Marquette's vessel.[5]

On June 6, 2019, Marquette filed a Complaint in this Court against Defendants.[6] On June 21, 2019, Defendant Balkan Navigation Ltd. answered the Complaint and filed a counterclaim against both Marquette and the *Bailey* to recover damages incurred by the *Strandja*.[7] On September 11, 2019, Marquette filed a third-party complaint against Johnson, the compulsory pilot aboard the *Strandja*.[8]

On March 1, 2022, Johnson filed the instant motion in limine.[9] On March 14, 2022, Marquette filed its opposition.[10] On March 24, 2022, with leave of Court, Johnson filed a reply.[11]

## II. Parties' Arguments

### A.    *Johnson's Arguments in Support of the Motion in Limine*

In the motion, Johnson moves the Court to exclude the Findings and Conclusions of the Board.[12] Johnson explains that the Board produced three Findings and Conclusions in response to a subpoena issued by Marquette.[13] One of the Findings and Conclusions concerns the incident

---

[4] Rec. Doc. 1 at 1–2.

[5] *Id.* at 3.

[6] *Id.* at 1.

[7] Rec. Doc. 6.

[8] Rec. Doc. 17 at 6.

[9] Rec. Doc. 180. Defendants join and adopt the arguments in Johnson's motion in limine. Rec. Docs. 182, 184.

[10] Rec. Doc. 192.

[11] Rec. Docs. 201, 211, 212.

[12] Rec. Doc. 180-1 at 1.

[13] *Id.*

underlying this litigation; the other two are for unrelated incidents involving Johnson.[14] Johnson argues these Findings and Conclusions are statutorily deemed inadmissible under Title 46, § 3601(F) of the Louisiana Administrative Code, which provides:

> The findings and conclusions is solely and exclusively the opinion of the board relative to the conduct of the pilot and is not intended to be introduced as evidence in legal proceedings. Pursuant to R.S. 34:1005 all communications between the pilot and the board are deemed confidential, and the findings and conclusions of the board shall not be deemed discoverable or relevant in any civil proceeding.[15]

Johnson asserts that similar protections apply to findings of the U.S. Coast Guard or the National Safety Board.[16] Johnson avers that the policy underlying these exclusions is because "[t]he investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, *and are not intended to fix civil or criminal responsibility*."[17] Finally, Johnson argues that the Board's Findings and Conclusions usurps the role of the jury in determining whether Johnson's actions fell below the standard of care.[18]

**B.     *Marquette's Arguments in Opposition to the Motion for Summary Judgment***

In opposition, Marquette argues that the Board's Findings and Conclusions are admissible for three reasons. First, Marquette argues that this suit falls under the Court's admiralty jurisdiction, and thus state law does not apply.[19] Marquette asserts that under Federal Rule of Evidence 501, the common law governs a claim of privilege, unless "state law supplies the rule of

---

[14] *Id.*

[15] *Id.* at 1, 4 (emphasis omitted).

[16] *Id.* at 4–5 (citing 46 U.S.C. § 6308(a); 49 U.S.C. § 1154(b)).

[17] *Id.* at 5 (quoting 46 C.F.R. § 4.07-1) (emphasis added).

[18] *Id.* at 6.

[19] Rec. Doc. 192 at 2.

decision," in which case state law applies.[20] Marquette avers that federal maritime law, not state law, provides the rule of decision here.[21] Marquette argues that Johnson's citation to federal statutes excluding similar findings "does nothing to support his motion" because Congress did not "do the same for the Board of River Pilots' findings."[22]

Second, Marquette contends that the records are relevant under Federal Rule of Evidence 402.[23] Marquette asserts that the Board's Findings and Conclusions support its theory of the case that it was not negligent.[24] Marquette also argues that the records are admissible because they impeach Johnson's testimony.[25]

Third and finally, Marquette argues that Johnson waived his right to assert this state law privilege.[26] Marquette asserts that it served the subpoena for these records on October 20, 2020.[27] Marquette alleges that neither Johnson nor the Board claimed any privilege as required by Federal Rule of Civil Procedure 45. Marquette contends that Johnson's failure to object "constitutes a waiver of any purported privilege."[28] Therefore, Marquette asks the Court to deny Johnson's motion in limine.[29]

---

[20] *Id.* at 5.

[21] *Id.*

[22] *Id.* at 7.

[23] *Id.* at 8.

[24] *Id.* at 8.

[25] *Id.* at 8, 10–11.

[26] *Id.* at 12.

[27] *Id.*

[28] *Id.*

[29] *Id.*

### C.   *Johnson's Arguments in Further Support of the Motion for Summary Judgment*

In reply, Johnson asserts that Rule 501 does not bar application of § 3601(F) because state law provides the rule of decision.[30] Johnson avers that 46 U.S.C. § 8501 provides that: "pilots in the bays, rivers, harbors, and ports of the United States shall be regulated only in conformity with the laws of the States."[31] Johnson contends that § 3601(F) is "a federally authorized regulation of pilotage."[32] Johnson asserts that Marquette provides no case in which a federal court refused to enforce § 3601(F) "because no such case exists."[33]

Johnson argues that the Board's Findings and Conclusions should be excluded under Federal Rule of Evidence 401, 402, and 403. Johnson argues that the records are not relevant because, although the Board uses terms like "standard of care" and "prudent pilot," the Board applies an internal definition rather than a legal definition of those terms.[34] Thus, Johnson asserts that the Board's determination has no probative value in this case because it applies a different standard.[35] Johnson contends that admitting the Findings and Conclusions of the Board about the two unrelated incidents would lead to a "trial within a trial."[36] Johnson also argues that the records should be excluded under Rule 403 because they are unduly prejudicial.[37] Johnson avers that the risk of the jury adopting the Board's Findings and Conclusions as its own is too great, especially

---

[30] Rec. Doc. 212 at 1.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.* at 5.

[34] *Id.* at 5–6.

[35] *Id.*

[36] *Id.* at 6 (quoting *In re Deepwater Horizon*, No. MDL 2179, 2012 WL 413860, at *6 (E.D. La. Feb. 9, 2012)).

[37] *Id.* at 7.

considering that the Board did not apply the same standard that the jury will apply.[38] Johnson argues that it is premature to admit this evidence as impeachment evidence because he has not yet testified at trial.[39]

Finally, Johnson asserts he did not waive § 3601(F)'s evidentiary exclusion.[40] Johnson explains that § 3601(F) provides that "[p]ursuant to R.S. 34:1005, all communications between the pilot and the board are deemed confidential, and the findings and conclusions . . . shall not be deemed discoverable or relevant in any civil proceedings."[41] Johnson asserts that Louisiana Revised Statute 34:1005 contains an important exception: "[u]nless required by a subpoena issued by a court of competent jurisdiction."[42] Johnson asserts that the Board's Findings and Conclusions are discoverable in response to a subpoena, but are irrelevant and inadmissible at trial.[43] Thus, Johnson contends he had "no basis to object to their disclosure," and therefore did not waive his right to assert the findings are inadmissible under the statute.[44]

---

[38] *Id.* at 7–8.

[39] *Id.* at 9.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.* at 10.

### III. Law & Analysis

Johnson moves the Court to exclude any evidence or testimony of the Board's Findings and Conclusions.[45] Marquette argues that the Findings and Conclusions are admissible under federal law and that Johnson waived any right to object.[46]

The Court finds that the Board's Findings and Conclusions are inadmissible. Plaintiff's third-party complaint against Johnson is brought under the Court's admiralty jurisdiction.[47] "With admiralty jurisdiction comes the application of substantive admiralty law."[48] "[T]he general maritime law is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules" fashioned by federal courts.[49] A federal court may apply state law if it does not conflict with the federal admiralty law.[50] Additionally, federal law provides that pilots are regulated in conformity with state law, to the extent that law does not conflict with federal admiralty law.[51]

Louisiana state law expressly provides that Findings and Conclusions of the Board are irrelevant in *any* civil proceeding.[52] Notably, there are two virtually identical provisions in the United States Code. Under 46 U.S.C. § 6308(a), findings and conclusions of the U.S. Coast Guard

---

[45] Rec. Doc. 180.

[46] Rec. Doc. 192.

[47] Rec. Doc. 17 at 12.

[48] *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986).

[49] *Id.* at 864–65.

[50] *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 314–15 (1955). *See also Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409–410 (1953) ("While states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretative decisions of this Court.").

[51] 46 U.S.C. § 8501. *See also Wilburn Boat Co.*, 348 U.S. at 314–15.

[52] La. Admin. Code tit. 46, § 3601(F).

are inadmissible,[53] and under 49 U.S.C. § 1154(b), findings and conclusions of the National Transportation Safety Board are inadmissible.[54] The Court sees no reason that state law cannot supplement admiralty law here, particularly considering that the state law comports with analogous federal laws excluding findings and conclusions of other investigative bodies.

Moreover, the Court agrees with Johnson that the Board's Findings and Conclusions are unduly prejudicial. The Board determined whether Johnson's conduct fell below a certain standard of care. However, the Board applied its own internal rules and regulations in reaching this decision. By contrast, the jury must apply the law as given to it by the Court. The risk that the jury would use the Board's Findings and Conclusions for an impermissible purpose is outweighed by any ostensibly probative value.

Finally, Marquette asserts that the Board's Findings and Conclusions may be admissible as impeachment evidence. Impeachment evidence "is that which is offered to 'discredit a witness . . . to reduce the effectiveness of his testimony by bringing forth evidence which explains why the jury should not put faith in him or his testimony.'"[55] On the other hand, "[s]ubstantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[56] The Board is an investigative body. It appears that Marquette seeks to introduce the Board's Findings and Conclusions, not to show a prior inconsistent statement of Johnson, but to establish the truth

---

[53] 46 U.S.C. § 6308(a) ("[N]o part of a report of a marine casualty investigation . . . including findings of fact . . . or conclusions shall be admissible as evidence . . . in any civil . . . proceedings.").

[54] 49 U.S.C. § 1154(b) ("No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report.").

[55] *Chiasson*, 988 F.2d at 517 (quoting John P. Frank, *Pretrial Conferences and Discovery—Disclosure or Surprise?*, 1965 Ins. L. J. 661, 664 (1965) (alterations in original)).

[56] *Id.* (quoting John P. Frank, *Pretrial Conferences and Discovery—Disclosure or Surprise?*, 1965 Ins. L. J. 661, 664 (1965)).

of the Board's finding itself. Nevertheless, to the extent Marquette believes the Board's Findings and Conclusions are admissible as impeachment evidence, this issue will be addressed at trial.

### IV. Conclusion

For the reasons set forth above, the Court finds that the Board's Findings and Conclusions are inadmissible. Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Robert Johnson's "Motion in Limine to Exclude Board of Commissioners Findings and Conclusions"[57] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this ___1st___ day of April, 2022.


**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[57] Rec. Doc. 180.