**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION** |
| | **NO.  19-10927 "G" (2)** |
| **VERSUS** | |
| | **JUDGE BROWN** |
| **NAVIGATION MARITIME BULGAREA; and BALKAN NAVIGATION LTD** | **MAGISTRATE CURRAULT** |

**PRE-TRIAL ORDER**

1.     **DATE OF PRE-TRIAL CONFERENCE**

      The Pre-Trial Conference in this matter was held on Thursday, March 24, 2022 at 2:00 p.m.

2.     **COUNSEL FOR THE PARTIES**

      Evans Martin McLeod
      Adam N. Davis
      Justin C. Warner
      Phelps Dunbar LLP
      365 Canal Street – Suite 2000
      New Orleans, Louisiana 70130
      Telephone:  (504) 566-1311
      Telecopier:  (504) 568-9130
      Email: marty.mcleod@phelps.com
               adam.davis@phelps.com
               justin.warner@phelps.com

      Attorneys for Marquette Transportation Company Gulf-Inland, LLC

      Peter B. Sloss, T.A.
      Robert H. Murphy
      Timothy D. DePaula
      Murphy, Rogers, Sloss, Gambel & Tompkins
      Hancock Whitney Center
      701 Poydras St., Suite 400
      New Orleans, LA  70130
      Telephone:  (504) 523-0400
      Facsimile:  (504) 523-5574

1

Email:   rmurphy@mrsnola.com
        psloss@mrsnola.com
        tdepaula@mrsnola.com

Attorneys for Navigation Maritime Bulgare JSC and
Balkan Navigation Ltd.

Alan R. Davis
Adelaida J. Ferchmin
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
Energy Centre
601 Poydras St., Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email:   adavis@lawla.com
        aferchmin@lawla.com

Attorneys for Robert Johnson

**3.     DESCRIPTION OF THE PARTIES**

Marquette Transportation Company Gulf-Inland, LLC ("Marquette") was the owner and/or operator of the KIEFFER E BAILEY. Navigation Maritime Bulgare JSC and Balkan Navigation Ltd. (collectively referred to as "Balkan") owned and managed, respectively, the M/V STRANDJA. Robert Johnson was the Crescent pilot aboard STRANDJA during the incident.

On June 6, 2019, Marquette filed a complaint for damages against Balkan. On June 21, 2019, Balkan answered the complaint, filed a counterclaim against Marquette, and brought a third-party demand *in rem* against the KIEFFER E BAILEY, to recover damages incurred by the M/V STRANDJA. On September 11, 2019, Marquette answered Balkan's counterclaim and, with leave of Court, filed third-party complaints against Crescent Towing & Salvage Co., Inc. ("Crescent") and Capt. Robert Johnson ("Pilot Johnson"). In the third-party complaint, Marquette tendered Crescent and Johnson as direct defendants to Balkan in accordance with Rule 14(c) of the Federal Rules of Civil Procedure. Crescent has been dismissed on summary judgment.

4.   **JURISDICTION**

This Court has original subject matter jurisdiction over Marquette's claim against Balkan according to the federal diversity jurisdiction statute 28 U.S.C. § 1332.  This Court has previously determined that "it is readily apparent from the complaint that Marquette alleges in good faith that the amount in controversy exceeds $75,000." See Rec. Doc. 67 at page 67. Regarding Balkan's claim against Marquette, this Honorable Court has jurisdiction pursuant to 28 U.S.C. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for the *in rem* claim against the M/V KIEFFER E. BAILEY. This Court is in possession of the surety bond filed by Balkan as substitute *res* for the M/V KIEFFER E. BAILEY. See Rec. Doc. 25.

5.   **MOTIONS PENDING**   *Decided : Rec. Doc 247 & 248 & 249*

~~Motions pending are: Pilot Johnson's motion in limine to exclude expert testimony on legal conclusions and mental state (Rec. Doc. 179); Pilot Johnson's motion in limine to exclude Board of Commissioners Findings and Conclusions (Rec. Doc. 180); and Balkan's motion in limine to exclude computer reconstruction (Rec. Doc. 183)~~

6.   **BRIEF JOINT SUMMARY OF MATERIAL FACTS**

On January 3, 2019, the KIEFFER E BAILEY was proceeding down the Mississippi River near Chalmette, Louisiana pushing six loaded barges when her tow made contact with the bow of the M/V STRANDJA. Impact between the vessels occurred between 1126 and 1127. A photograph of impact is provided below:

3



KIEFFER E BAILEY's tow and the STRANDJA's bulbous bow were damaged from the incident. Marquette and the defendants have filed damage claims against each other. Crewmembers from the KIEFFER E BAILEY complained of physical and emotional injuries after the incident but have not filed formal claims as of the date of this filing.

Marquette claims STRANDJA interests and/or the compulsory pilot aboard the M/V STRANDJA, Capt. Robert Johnson, are solely to blame for the incident for swinging the STRANDJA in front of the KIEFFER E BAILEY in violation of the applicable federal regulations and Inland Navigation Rules. STRANDJA interests and Pilot Johnson claim that KIEFFER E BAILEY violated a number of the Inland Navigation Rules, was navigating dangerously close to the anchorage in violation of the applicable regulations, and was negligent and caused the incident.

7.      **UNCONTESTED MATERIAL FACTS**

1.    Marquette was and is the owner and operator of the KIEFFER E BAILEY on January 3, 2019.

2.    Captain Jerrell Nobles was operating the KIEFFER E BAILEY as relief captain and was employed by Marquette at all material times.

3.    The M/V KIEFFER E BAILEY is a z-drive propelled inland towboat built in 2014.

4

4.   The KIEFFER E BAILEY is 76' long and has 2,000 hp.

5.   The KIEFFER E BAILEY was pushing six loaded barges strung out three long and two wide. Total dimensions of the KIEFFER E BAILEY's tow was 600 by 70.

6.   The combined length of KIEFFER BAILEY and her six-barge tow was 676 feet.

7.   The STRANDJA sails under the flag of Panama.

8.   The STRANDJA was owned by Balkan Navigation Ltd. and managed by Navigation Maritime Bulgare.

9.   The STRANDJA is an ocean-going bulk carrier that measures 610 feet long and 78 feet wide.

10.  The STRANDJA's main engine was rated at 9,789 horsepower and her bow thruster was rated at 1,087 horsepower.

11.  The STRANDJA's drafts were 25' forward and 27' aft.

12.  The STRANDJA's gross registered tonnage was 19,865 and deadweight tonnage was 29,800.

13.  The STRANDJA's Master, Kiril Karapanov, and Third Officer Viktor Kokoshyan were on the bridge during the incident. The STRANDJA's Chief Officer, Ivan Vasilev, was on the forecastle during the incident. All three were employed by Balkan Navigation LTD.

14.  Capt. Robert Johnson was the compulsory pilot aboard the STRANDJA. Pilot Johnson was a member of the Crescent River Port Pilots' Association.

15.  The established anchorage for the relevant anchorage here is the "New Orleans General Anchorage." 33 C.F.R. § 110.195(a)(17) states that the "New Orleans General Anchorage" is:

> An area 0.8 miles in length along the right descending bank of the river extending from mile 90.1 to mile 90.9 above Head of Passes. The width of the anchorage is 550 feet. The inner boundary of the anchorage is a line parallel to the nearest bank 250 feet from the water's edge into the river as measured from the LWRP. The outer boundary of the anchorage is a line parallel to the nearest bank 800 feet from the water's edge into the river as measured from the LWRP.

16. On January 2, 2019, STRANDJA dropped her starboard anchor at 1210 hours and dropped her port anchor at 1213 hours.

17. Pilot Johnson was not onboard the STRANDJA on January 2, 2019, and played no role in determining where her anchors were dropped that day.

18. On January 3, 2019, the Mississippi River was at 12.73 feet on the Carrollton gauge. The weather was good and the visibility was clear.

19. At all relevant times, the STRANDJA and KIEFFER E BAILEY participated in the automatic identification system ("AIS"), an automatic tracking system that uses transponders on vessels and is used by vessel traffic services to determine the location of vessels.

20. After the incident, forensic data was recovered from the voyage data recorder ("VDR") aboard the STRANDJA, Electronic Chart Display Information System ("ECDIS") data from the STRANDJA; Rose Point electronic charting from the KIEFFER E BAILEY; and VTS recordings from the United States Coast Guard ("USCG"). The VDR includes bridge voice recordings, radar screenshots and navigational instrument readings from the STRANDJA. The Rose Point data from the KIEFFER E BAILEY shows where the KIEFFER E BAILEY and her tow were positioned and also showed other vessels in the vicinity. The STRANDJA's ECDIS and Radar shows where the STRANDJA was approximately positioned and also

6

showed other vessels in the vicinity. The General Anchorage is marked on the STRANDJA's ECDIS.

21. At 0730 hours, KIEFFER E BAILEY departed CGB Laplace with 6 loaded barges strung out. The KIEFFER E BAILEY had to stand by this fleet the night before because of fog. Her intended downriver transit was to top into the Algiers Locks just below New Orleans to enter the Intracoastal Waterway.

22. Before and during her navigation through the Port of New Orleans, KIEFFER BAILEY checked with Vessel Traffic Control at two check-in points. On both occasions, New Orleans Vessel Traffic Control confirmed that the KIEFFER BAILEY and her six-barge tow were authorized to proceed through the Port of New Orleans.

23. At approximately 1058 hours, Marquette's KIEFFER E BAILEY was transiting downriver and made a VHF radio announcement that she had just cleared the GNO Bridge with her six (6) barge tow.

24. Meanwhile, Crescent tugs PROVIDENCE and POINT CLEAR arrived on location to assist with STRANDJA's departure.

25. At approximately 1120 hours, the Master confirmed with the Third Officer that the engine was ready.

26. The AT&T Phone records show that Pilot Johnson's phone call with Zachary Harvey connected at 11:22:54 and lasted three minutes and thirty-eight seconds. See SDT RES 000030, row 58.

27. Between 11:26:00 and 11:27:00, the STRANDJA's starboard bow and the starboard side of the KIEFFER E BAILEY's tow made contact.

7

28. The contact broke the KIEFFER E BAILEY's tow apart and caused bow damage to the STRANDJA.

29. Per Pilot's Johnson's order, the PROVIDENCE positioned itself on the port bow of the STRANDJA and laid alongside the ship awaiting further orders.

30. No further orders were given by Pilot Johnson to the PROVIDENCE prior to the collision between the STRANDJA and the KIEFFER E BAILEY.

31. There is no claim for negligence against Pilot Johnson in this litigation. The only claim against Pilot Johnson in this litigation is for gross negligence.

**8.    CONTESTED ISSUES OF FACT:**

**Contested Issues of Fact**

1. Whether Balkan was negligent, and, if so, whether the negligence of Balkan was a proximate cause of the accident.

2. Whether Robert Johnson was grossly negligent, and, if so, whether the gross negligence of Robert Johnson was a proximate cause of the accident.

3. Whether Marquette was negligent, and, if so, whether negligence of Marquette was a proximate cause of the incident.

4. The percentages of negligence/gross negligence between the parties.

5. Whether Marquette suffered damage as a result of the incident, and, if so, the amount of recoverable damages and prejudgment interest.

6. Whether Balkan suffered damage as a result of the incident, and, if so, the amount of recoverable damages and prejudgment interest.

7. Whether Marquette can demonstrate that Balkan owed it a duty, breached that duty, it sustained damage, and a causal connection between Balkan's conduct and Marquette's damages.

8. Whether Balkan can demonstrate that Marquette owed it a duty, breached that duty, it sustained damage, and a causal connection between Marquette's conduct and Balkan's damages.

8

9. Whether Marquette/Balkan can demonstrate that Robert Johnson owed Balkan/Marquette a duty, breached that duty, Balkan sustained damage, and a causal connection between Johnson's conduct and Balkan's damages.

10. Whether Balkan's bridge crew had a duty to override Pilot Johnson's commands and if so, failed to issue those commands that Pilot Johnson failed to give.

11. Whether Balkan's crew and Pilot Johnson did anything to complete a proper master pilot exchange.

12. Whether Balkan's crew had a duty to keep a vigilant eye on the navigation of the STRANDJA and if so, whether they failed to do so.

13. Whether Balkan's crew had a duty to urge upon Pilot Johnson to use every precaution necessary for safe navigation and if so, whether they failed to do so.

14. Whether Balkan's crew, Pilot Johnson and/or Marquette violated 33 C.F.R. § 83.02 Responsibility (Inland Navigation Rule 2).

15. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew violated 33 C.F.R. § 83.05 Look-out (Inland Navigation Rule 5).

16. Whether Balkan's crew and Pilot Johnson violated Marine Safety Advisory 01-10, entitled "Distracted Operations" and issued on October 29, 2010.

17. Whether Balkan's crew, Pilot Johnson and/or Marquette violated 33 C.F.R. § 83.06 Safe speed (Inland Navigation Rule 6).

18. Whether Balkan's crew, Pilot Johnson and/or Marquette violated 33 C.F.R. § 83.07 Risk of collision (Inland Navigation Rule 7).

19. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew violated 33 C.F.R. § 83.08 (Inland Navigation Rule 8).

20. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew violated 33 C.F.R. § 83.09 Narrow channels (Inland Navigation Rule 9).

21. Whether Inland Navigation Rule 9 was applicable under the circumstances.

22. Whether the KIEFFER E BAILEY had the right of way.

23. Whether Balkan's crew and Pilot Johnson failed to yield to KIEEFER E BAILEY's right of way.

24. Whether Balkan's crew and Pilot Johnson failed to comply with the VTS Traffic Manual for the Lower Mississippi which urges mariners on the Mississippi River to "pay

9

particular attention to the importance" of INR 9(a)(ii) wherein downbound vessels are afforded the right of way.

25. Whether Balkan's crew anchored STRANDJA outside the statutorily defined limits of the General Anchorage in violation 33 C.F.R. § 110.195 and Inland Navigation Rule 9.

26. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew violated 33 C.F.R. § 83.34 (Maneuvering and warning signals).

27. Whether Balkan's crew and Pilot Johnson violated 33 C.F.R. § 26.04(b) (Radiotelephone Act).

28. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew were negligent for failing to observe Inland Navigation Rule 14 (33 C.F.R. § 83.14), Head-on situation.

29. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew negligent for failing to observe and/or lacking knowledge of Subpart C of the Inland Navigation Rules (33 C.F.R. §§ 83.20-31).

30. Whether Marquette's crew was negligent for failing to observe 33 C.F.R. §164.78, Navigation Under Way: Towing Vessels.

31. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew were negligent for failing to observe 33 C.F.R. § 164.80, Tests, Inspections, and Voyage Planning.

32. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew were negligent for failing to observe the Inland Navigation     Rules, Code of Federal Regulations and United States Code which if followed could have    prevented the incident.

33. Whether Balkan's crew, Pilot Johnson and/or Marquette's crew were negligent for failing to observe 33 C.F.R. § 165.810, High      Water Precautions.

34. Whether Balkan's crew were negligent in failing to follow and enforce company policies on pilotage, maneuvering, heaving anchors, departing from a port, look outs and safe navigation.

35. Whether STRANDJA's misconduct placed KIEFFER E BAILEY in extreme peril.

36. Whether STRANDJA can substantiate its loss of profit / detention damage claim as required by the general maritime law.

37. Whether Pilot Johnson acted with conscious indifference to the rights, welfare, or safety of others in his pilotage of the M/V STRANDJA on January 3, 2019;

10

38. Whether Pilot Johnson's actions were reasonable and prudent based on the information made available to him prior to and at the time of the allision;

39. Whether the M/V STRANDJA was unseaworthy on January 3, 2019;

40. Whether the KIEFFER E. BAILEY was unseaworthy on January 3, 2019;

41. Whether the KIEFFER E. BAILEY violated any applicable Inland Navigation Rules on January 3, 2019;

42. Whether the STRANDJA's master and crew had a duty to relieve the compulsory pilot under the circumstances and, if so, whether they breached that duty;

43. Whether the operator of the KIEFFER E BAILEY failed to comply with applicable regulations regarding navigation near anchored vessels.

44. Whether company policies of the owner/operator of the M/V STRANDJA apply to compulsory pilots.

45. Whether Pilot Johnson was at all times acting under his Louisiana state pilot commission.

46. Whether STRANDJA was underway during the incident.

47. The amount of Marquette's recoverable damages and prejudgment interest -- broken down as follows:

| | |
|---|---|
| MTC 7265 Barge Repairs | $47,810.37 |
| Loss profit claim | $25,800.00 |
| Survey costs | $3,015 |
| Extra captain pay | $37,380 |
| Total | $114,005.37 |
| Prejudgment interest | $18,419.68 |
| Total with prejudgment interest | $132,425.05 |

48. The amount of Balkan's recoverable damages for repair costs, incidental expenses, lost charter hire/revenue - broken down as follows -- as well as prejudgment interest:

- Repair Costs & Disbursement at Orange
  - ➤ Repair Costs & Disbursement at Orange     $60,000.00
    - ❖ Less water supply     $30,000.00
    - ❖     $ 8,025.98
  - ➤ Tugs – In port Orange 16 Jan 2019     $ 5,420.00
  - ➤ Tugs – Out port Orange 26 Jan 2019     $ 3,685.50

11

Total Repair costs & Disbursements in Orange:                    $107,104.48

- Delay / Loss of Profit at Chalmette
  - ➢ Delay
    - ❖ from 03 Jan / 11:27 – 06 Jan / 15:56                    $36,153.77
    - ❖ Fuel during delay
    - ❖ 10.7 tns MGO x 615 US$                                   $ 6,580.50
  - ➢ Tugs – Invoice 294684                                       $ 3,717.00
    - ❖ Tug "Providence"
    - ❖ Scheduled sailing on 03.01.2019 – failed
    - ❖ Tug "Michael S"
    - ❖ Dragging anchor 06 Jan 00:05 – 01:30
  - ➢ Tug "Catherine B." – Invoice 294930                         $ 5,229.00
    - ❖ Dragging anchor 05 Jan/20:40 – 06 Jan/02:45
  - ➢ Extra Costs Chalmette                                       $13,145.13
    - ❖ lt.6 – Pilot on 03.01.2019 – sailing failed
    - ❖ lt.7 – Pilot on 05/06.01.2019 due to drifting
    - ❖ lt.17 – Port Ship Service – 2 x 450 + 2 x 700
    - ❖ lt.18 – Port Ship Service – 10 x 450
    - ❖ lt.19 – Belle Chase Marine – 4 x 550 + 10%
    - ❖ lt.25 – Extra agency fee – 4 days x 400

Total Chalmette:                                                  $64,825.40

- Delay / Loss of profit en route to Port Arthur
  - ➢ Delay
    - ❖ 0,6521 days x 11,344.85 US$ TCE                          $ 7,397.98

    Total Delay / Loss of Profit                                 $ 7,397.98

- Delay / Loss after completion of discharge
  - ➢ Delay
    - ❖ Fm 16 Jan / 11:48 – 21 Feb / 08:00                       $406,617.58
  - ➢ Fuel Consumption
    - ❖ On 16 Jan IFO 488.7 tns; MGO 228.5 tns
    - ❖ IFO 488.7 – 321.5 = 167.2 tns
    - ❖ IFO 167.2 tns x 411 US$                                  $68,719.20
    - ❖ MGO 228.5 – 104.5 = 124.0 tns
    - ❖ 105.0 tns MGO x 673 US$                                  $70,665.00
    - ❖ 19.0 tns MGO x 615 US$                                   $11,685.00

Total Delay / Loss                                               $557,686.78

12

- Superintendent Dimitar Dimitrov
  - ❖ Taxi Vama to Bus station 09 Jan 2019       $    2.37
  - ❖ Bus Varna – Sofia 09 Jan 2019 / 20:30       $   18.83
  - ❖ Taxi Sofia 10 Jan 2019 to Sofia Airport       $    8.33
  - ❖ Flight 09.01.2019 Sofia – Munich – Houston       $   531.95
  - ❖ Service fee Sofia – Munich – Houston       $    5.68
  - ❖ Flight 25.01.2019 Houston-Chicago-Vienna-Varna       $   555.18
  - ❖ Service fee Houston-Chicago-Vienna-Varna       $    5.68

  - ❖ Taxi Vama from Vama Airport on 26 Jan 2019       $    5.89
  - ❖ Superintendent daily fees       $   200.00
  - ❖ Superintendent daily fees       $ 8,000.00

  Total Superintendents:       $ 9,333.91

- Others
  - ❖ Class       $ 8,368.89
  - ❖ Class       $ 7,798.13
  - ❖ H&M Survey       $ 7,329.83
  - ❖ P&I Survey       $   500.00
  - ❖ Breach of IWL Lt. Lawrence       $ 6,718.66

  Total Others:       $30,715.51

  TOTAL:       $777,064.06

  Prejudgment Interest from January 3, 2019 to April 7, 2022       $125,474.56

  GRAND TOTAL:       $902,538.62

50. In an abundance of caution and to the extent necessary, the parties adopt the more comprehensive list of contested issues of fact listed in the previously filed proposed pretrial orders.

## 9. CONTESTED ISSUES OF LAW:

1. Whether the methodology of Balkan's loss of use calculation is recoverable under the General Maritime Law.

2. Whether the jury should consider Pilot Johnson's negligence, and, if so, whether that negligence should be imputed to Balkan or whether the jury could find Marquette to be joint and severally liable for Pilot Johnson's negligence.

13

3. Whether La. Admin. Code tit. 46, Pt. LXX, §3601 applies to the admissibility of reports, findings and communications between Captain Johnson and the Board of River Port Pilot Commissioners.

4. Whether La. Rev. Stat. § 34:1137 requires that Marquette prove by clear and convincing evidence that its damages arose from Pilot Johnson's gross negligence or willful misconduct.

5. What law applies to the claims against Pilot Johnson.

6. Whether any report, findings or actions by the Board of River Pilot Commissioners following the incident are confidential and inadmissible at trial pursuant to La. Admin. Code tit. 46, Pt. LXX, §3601.

7. Whether Inland Navigation Rules 2 (ordinary practice of seamen); 5 (look-out); 6 (safe speed); 7 (risk of collision; 8 (action to avoid collision); 9 (narrow channel; and 34 (warning and maneuvering signal) apply to the STRANDJA during the incident.

8. Whether the KIEFFER E BAILEY had the right of way and whether the STRANDJA had a duty to yield under the Inland Navigation Rules.

**10. EXHIBITS:**

**A. Marquette will introduce the following exhibits at the trial of this matter:**

a. Exhibits to be admitted without objection:

1. ECDIS Screen Shots from the STRANDJA (Karapanov Dep. Ex. 4)

2. Screen captures of Incident Video looking upriver (Karapanov Dep. Ex. 5)

3. STRANDJA ECDIS Data Screen Capture (Karapanov Dep. Ex. 6)

14

4.   E-mail dated Wednesday, January 2, 2019 to Southport Agencies, Inc. from NMB Operations (Karapanov Dep. Ex. 13).

5.   Balkan Incident report and translation of the incident report (Karapanov Dep. Ex.15)

6.   STRANDJA ECDIS screen shots at 17:22 and 17:26 (Kokoshyan Dep. Vol. 2 Ex. 1)

7.   STRANDJA Pilot Card (Kokoshyan Dep. Ex. 3) (Johnson Dep. Ex. 3)

8.   STRANDJA Bell Book (Kokoshyan Dep. Ex. 5)

9.   Pilot Report Prepared by Robert B. Johnson (Johnson Dep. Ex. 4)

10.   Subpoena Response of Crescent Towing (except for statements)

11.   Subpoena Response of AT&T (SDT RES000013-50)

12.   Subpoena Response of Crescent River Pilot Association (SDT RES000773-793)

13.   KIEFFER E BAILEY 1-3-19 Daily Log (MARQUETTE 000001)

14.   KIEFFER E BAILEY Daily Boat Logs for 12.3.18 to 2.3.19 (MARQUETTE 000025-000100)

15.   KIEFFER E BAILEY Certificate of Documentation (MARQUETTE 000101)

16.   Heinen Medical Review DOT Screen Results (MARQUETTE 000113)

17.   Fernandes Maritime Consultant Photographs (MARQUETTE 000163-000202)

18.   Marquette Damage Production (MARQUETTE 000225-000230)

19.   Drug screen result - Jerrell Nobles (MARQUETTE 000735)

20.   General Arrangement Plan (STRANDJA 000351)

21.   Ship's Particulars (STRANDJA 001205)

22.   USCG 2692 (STRANDJA 001233-001235)

23.   Marine Accident Report Form A and Form B (STRANDJA 001236-001244)

24.   Safety Investigation Report Jan 2019 (STRANDJA 001245-001246)

25.   Lloyd's Register (STRANDJA 001251)

26.   Agent Statement of Facts (STRANDJA 001252)

27.     Southport Statement of Facts (STRANDJA 001253-001256)

28.     Communications sent to/from employee, agent or representative of STRANDJA regarding collision (STRANDJA 001394-001397)

29.     Communications between STRANDJA and flag state regarding collision (STRANDJA 001400-001442 and 001457-001464)

30.     Communications between STRANDJA and classification society regarding collision (STRANDJA 001643-001692 and 001697)

31.     Selected sections from STRANDJA SMS: (a) Watch-keeping in port. Preparation for sailing (STRANDJA 2008-2014); (b) Preparation for arrival. Anchoring and maneuvering in port (STRANDJA 2015-2022); (c) Providing of corrected charts and nautical publications on board (STRANDJA 2023-2030); (d) Pilotage (STRANDJA 2034-2037); (e) Voyage planning and navigation in normal conditions (STRANDJA 2040-2053); (f) Use of ECDIS on board (STRANDJA 2056-2078); Bridge watchkeeping and arrangements under way and at anchor (STRANDJA 2093-2100); (g) Engine room watchkeeping arrangements underway and at anchor (STRANDJA 2101-2109); (h) Confined waters and high density traffic areas (STRANDJA 2110-2113); and (i) Maneuvering data and maneuvering (STRANDJA 2123-2126)

32.     USACOE Carrollton River Gauge readings for January 3, 2019, November 13, 2018 and March 1, 2019

33.     Any evidence used or listed by any other party

34.     Accident/Near Miss/Suggestions on Improvement Report (STRANDJA 001247-001248)

**b.   Exhibits objected to:**

1.     Incident reconstruction. Balkan & NMB Objection – Not on Exhibit List, Not produced timely, Lack of Foundation, Accuracy. Pilot Johnson joins in the objection.

2.     Incident video looking upriver. Pilot Johnson objects based on lack of specificity, foundation.

3.     Incident video looking downriver. Pilot Johnson objects based on lack of specificity, foundation.

4.     STRANDJA ECDIS Playback at 17:26:44 (Karapanov Dep. Ex. 7) Balkan & NMB Objection – Altered by Marquette's counsel, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

16

5.  MRTIS screen shot of STRANDJA's position on 12/27/2018 at 12:39:04 (Vasilev Dep. Ex. 1) Balkan & NMB Objection – Irrelevant, Misleading, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

6.  MRTIS screen shot of STRANDJA's position on 1/2/2019 at 12:11:04 (Vasilev Dep. 2) Balkan & NMB Objection – Irrelevant, Misleading, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

7.  MRTIS screen shot on January 2, 2019 at 12:20:54 (Kokoshyan Dep. Vol. 2 Ex. 4) Balkan & NMB Objection – Irrelevant, Misleading, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

8.  STRANDJA radar screen shot at 17:25:46 (Kokoshyan Dep. Vol. 2 Ex. 2) Balkan & NMB Objection – Altered by Counsel, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

9.  MRTIS screen shot of STRANDJA at 11:23:26 (Kokoshyan Dep. Ex. 6) Balkan & NMB Objection – Irrelevant, Misleading, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

10. Radar Screen Shot at 17:25:46 (Johnson Dep. Ex. 1)

11. Picture of STRANDJA (Stoyanov Dep. Ex. 1) Balkan & NMB Objection – Altered by Counsel, Misleading, Lack of Foundation, Rule 403. Pilot Johnson joins in the objection.

12. Marquette Procedures and Safety Manuals - Balkan & NMB Objection – Procedures and Manuals never produced, only Table of Contents; authentication; vague and non-specific

13. Notice letters (MARQUETTE 000214-224-000202) Balkan & NMB Objection – authentication, foundation, relevance, and testimony by counsel. Pilot Johnson joins in the objection.

14. Personnel File and safety records of Jerrell Nobles Balkan & NMB Objection – vague and non-specific as to safety records. Pilot Johnson joins in the objection.

15. Vessel Traffic Service Lower Mississippi River User Manual Third Edition 2013 Balkan & NMB Objection – authentication, foundation. Pilot Johnson joins in the objection.

16. Damage Receipts (MARQUETTE 000829-000867) Balkan & NMB Objection – foundation

17. Report by Master, Statements of Chief Officer and Third Officer (STRANDJA 001229-001231) (Vasilev Dep. Ex. 3) (Karapanov Dep. Ex. 3) Balkan & NMB Objection – Hearsay. Pilot Johnson joins in the objection.

17

18.　　STRANDJA VDR Data (Karapanov Dep. Ex.8) Pilot Johnson objects to any portion of the VDR beyond 11:45:00 as irrelevant, and as prejudicial under Federal Rule of Evidence 403. Balkan & NMB join in the objection.

19.　　KIEFFER E BAILEY Rose Point Data. Pilot Johnson objects to any portion of the Rose Point Data beyond 11:45:00 as irrelevant. Balkan & NMB join in the objection.

20.　　STRANDJA ECDIS Data. Pilot Johnson objects to any portion of the VDR beyond 11:45:00 as irrelevant. Balkan & NMB join in the objection.

21.　　U.S. Coast Guard VTS AIS and VHF Recordings. Pilot Johnson objects to any portion of the VDR beyond 11:45:00 as irrelevant. Balkan & NMB join in the objection.

22.　　STRANDJA VDR Data Transcript (Karapanov Dep. Exs. 9-12, 14). Pilot Johnson objects as inadmissible, unauthenticated, inaccurate, prejudicial, and on the grounds that the transcript amounts to testimony by counsel. Balkan & NMB join.

23.　　MRTIS Data of incident and other times/locations. Pilot Johnson objects to "other times/locations" as irrelevant and lacking specificity. Balkan & NMB join

24.　　PAC ADARA Departure from General Anchorage on March 1, 2019. Objection by Pilot Johnson. Pilot Johnson objects based on relevance. Balkan & NMB join

25.　　KOTA BAYU Departure from General Anchorage on November 11, 2019. Objection by Pilot Johnson. Pilot Johnson objects based on relevance. Balkan & NMB join

26.　　Subpoena Response of Board of River Pilot Commissioners (SDT RES000794-835). Pilot Johnson objects based on relevance, hearsay, and pursuant to La. Admin. Code. Tit. 46, Pt. LXX §3601. Balkan & NMB join in the objection.

27.　　R. Johnson Notice to Commissioner (MARQUETTE 000730-731); Balkan & NMB Objection – Hearsay

28.　　Subpoena Response of Maritime Pilots' Institute/Robert Johnson (SDT RES000756-772). Pilot Johnson objects based on relevance, hearsay, and subsequent remedial measures under Federal Rule of Evidence 407. Balkan & NMB join in the objection.

29.　　NTSB 2015 Most wanted List of Transportation Safety Improvements (MARQUETTE 000232-000243). Pilot Johnson objects based on authenticity, hearsay, relevance, and prejudice under Federal Rule of Evidence 403. Balkan & NMB Join

PD.37110017.1

30. U.S. Coast Guard Marine Safety Advisory 01-10 (MARQUETTE 000231) Balkan & NMB Objection – foundation. Pilot Johnson joins in the objection.

31. Statement of Capt. Jeffery Reed Sanderson dated 9.24.19 (MARQUETTE 000118-000121). Pilot Johnson objects based on relevance and hearsay. Balkan & NMB join

32. Budwine survey reports and bid information (MARQUETTE 000122-000162) Balkan & NMB Objection - foundation . Pilot Johnson joins in the objection.

33. Budwine Photographs (MARQUETTE 000203-000213) Balkan & NMB Objection – foundation and only photographs provided were grainy black and white. Pilot Johnson joins in the objection.

34. Pilot Johnson's answers to Marquette's Requests for Admission.

35. United States Coast Guard FOIA Response (MARQUETTE 000738-000828). Pilot Johnson objects based on relevance. Balkan & NMB Objection join and also object based on 46 U.S.C. § 6308

36. CVs of Captain Michael Berry, Captain Garreth Fernandes, and Captain Wayne Wilson. Pilot Johnson objects based on hearsay. Balkan & NMB join

37. Code of Federal Regulations and United States Code on Anchoring Balkan & NMB Objection – foundation, relevance, hearsay, vague and non-specific, never produced. Pilot Johnson joins in the objection.

38. Seafarer Employment Contracts Balkan & NMB Objection – vague and non-specific, foundation. Pilot Johnson joins in the objection.

39. Graphics and/or charts depicting confines of the General Anchorage Balkan & NMB Objection – vague and non-specific, foundation, never produced. Pilot Johnson joins in the objection.

40. FMC Survey Photographs Balkan & NMB Objection – vague and non-specific and to the extent these differ from MARQUETTE 000163-000202, never produced. Pilot Johnson joins in the objection.

41. Bridge Procedure Guide Fifth Edition Balkan & NMB Objection –foundation, authentication, never produced. Pilot Johnson joins in the objection.

42. Bridge Team Management Guide Balkan & NMB Objection – foundation, authentication, never produced. Pilot Johnson joins in the objection.

43. Deposition Transcript of Robert Johnson. Pilot Johnson objects based on hearsay. Balkan & NMB join

19

44. Navigation Rules and Regulations Handbook Balkan & NMB Objection – foundation, authentication, never produced. Pilot Johnson joins in the objection.

45. Deposition Transcripts of Kiril Karapanov. Pilot Johnson objects based on hearsay. Balkan & NMB join

46. Deposition Transcript of Viktor Kokoshyan. Pilot Johnson objects based on hearsay. Balkan & NMB join

47. Deposition Transcript of Ivan Vasilev. Pilot Johnson objects based on hearsay. Balkan & NMB join

48. Deposition Testimony of Mariyan Grozdanov Grozdev, Sr. Superintendent of Safety Quality Management Department. Pilot Johnson objects based on hearsay. Balkan & NMB join

49. Deposition Testimony of Emil N. Kolev, Director Chartering Operations. Pilot Johnson objects based on hearsay. Balkan & NMB join

50. Deposition Testimony of Emil Yordanov, Chief Officer and Manager of Insurance and Claims for NMB. Pilot Johnson objects based on hearsay. Balkan & NMB join

51. Deposition Testimony of Dimitar Nedkov Dimitrov, Technical Superintendent. Pilot Johnson objects based on hearsay. Balkan & NMB join

52. Deposition Testimony of Stanislav M. Stoyanov, Manager Safety of Navigation, Senior Superintendent, Deputy NPA and Deputy Company Security Officer Balkan corporate representative. Pilot Johnson objects based on hearsay. Balkan & NMB join

53. Any documents relied upon and/or listed by Marquette's experts Balkan & NMB Objection – vague and nonspecific, foundation, never produced. Pilot Johnson joins in the objection.

54. Any exhibits attached or referenced during the deposition of Balkan Balkan & NMB Objection – vague and nonspecific. Pilot Johnson joins in the objection.

55. CGB Barge Repair Invoice and Proof of Payment (MARQUETTE 000244-000248) Balkan & NMB Objection – foundation. Pilot Johnson joins in the objection.

56. STRANDJA Certificate of Entry and WOE Rules 4811-1372-8422 v.3 (STRANDJA 000087-000294)   Balkan & NMB Objection – FRE 411. Pilot Johnson joins in the objection.

57. LOU from West of England Ship Owners Mutual Insurance Association to Marquette issued on September 3, 2021 Balkan & NMB Objection – FRE 411, Relevance, Rule 403. Pilot Johnson joins in the objection.

20

58. Any depositions taken in connection with this matter, including deposition exhibits Balkan & NMB Objection – vague and nonspecific, hearsay. Pilot Johnson joins in the objection.

**B. NMB and Balkan Navigation will introduce the following exhibits at the trial of this matter:**

   a. <u>**Exhibits to be admitted without objection:**</u>

1. Invoices for repairs and incidental expenses and proof of payments (STRANDJA 0001-00069, 01886-1905);

2. Charter party and related correspondence for lost voyage charter with Parrish & Heimbecker (STRANDJA __-__);

3. Charter party and related correspondence for replacement charter with Glencore Grains (STRANDJA __-__);

4. Bell Book of the M/V STRANDJA (STRANDJA 00070 – 71;324-328);

5. Deck Log of the M/V STRANDJA (STRANDJA 00072 – 76; 298-317);

6. Engine Log of the M/V STRANDJA (STRANDJA 00077 – 78; 00329-338);

7. Engine Tape of the M/V STRANDJA (STRANDJA 00079 – 80);

8. Official Log of the M/V STRANDJA (STRANDJA 00081 – 84; 339-342);

9. Cell phone videos of the collision (STRANDJA 00085);

10. Crew List for the M/V STRANDJA (STRANDJA 00295-297);

11. Voyage Plan for the M/V STRANDJA (STRANDJA 00343-00350);

12. General Arrangement for the M/V STRANDJA (STRANDJA 00351);

13. Side Shell Extension Plan (STRANDJA 00352);

14. Structure Profile Plan (STRANDJA 00353-357);

15. Drawings for the M/V STRANDJA showing damage (STRANDJA 00358);

16. Sea Trial Reports (STRANDJA 00359-484);

17. Final Loading Manual (STRANDJA 00485-1203);

18. Engine Order Tape M/V STRANDJA (STRANDJA 001204);

19.   Ship's Particulars for the for the M/V STRANDJA (STRANDJA 01205);

20.   Photographs depicting damage to the M/V STRANDJA (STRANDJA 01206);

21.   Photographs depicting repairs to the M/V STRANDJA (STRANDJA 01207-1228);

22.   Report by Master of the M/V STRANJDA (STRANDJA 01229);

23.   M/V STRANDJA's Chief Officer Statement (STRANDJA 01230);

24.   M/V STRANDJA's Third Officer Statement (STRANDJA 01231);

25.   M/V STRANDJA's Declaration by the Chief Officer (STRANDJA 01232);

26.   U.S.C.G. 2692 Report for the M/V STRANDJA (STRANDJA 01233-1235);

27.   Safety Investigation Report for the M/V STRANDJA (STRANDJA 01245-1246);

28.   Marine Accident Form A and Form B M/V STRANDJA (STRANDJA 01236-1244);

29.   Accident/Near Miss/Suggestions on Improvement Report (STRANDJA 01247-1248);

30.   Pilot Card for the M/V STRANDJA (STRANDJA 01249-1250);

31.   Lloyd's Register Statements (STRANDJA 01251);

32.   Southport Statement of Fact (STRANDJA 01253-1256);

33.   Stability Calculations (STRANDJA 01257-1269);

34.   U.S.C.G. Captain of the Port Orders (STRANDJA 01270);

35.   U.S.C.G. Captain of the Port Orders Revocation (STRANDJA 01271);

36.   Certificate of Malta Registry (STRANDJA 01272);

37.   Certificate of Class (last endorsement) (STRANDJA 01273-1275);

38.   Cargo Ship Safety Construction Certificate (short term) (STRANDJA 01276-1279);

39.   Final Attendance Report – Single Voyage (STRANDJA 01280-1281);

40.   Lloyd's Register Statement(s) following repair (STRANDJA 01282;1287-1288);

41.   Safety Construction Certificate (STRANDJA 01283-1286);

42.     Lloyd's Register Last Quarterly CR (STRANDJA 01289-1295);

43.     Stowage Plan (STRANDJA 01296);

44.     Rudder Unit Arrangement (STRANDJA 01297-1299);

45.     Rudder Construction (STRANDJA 01300-1303);

46.      Master's License M/V STRANDJA (STRANDJA 01304-1305);

47.     Chief Mate's License M/V STRANDJA (STRANDJA 01306);

48.     Third Mate's License M/V STRANDJA (STRANDJA 01307);

49.     Annual Class Survey Reports- 2014-2018 (STRANDJA 01324-1363);

50.     Charter party between Balkan Navigation Ltd. and Oxbow Calcining International LLC (STRANDJA 01364-1392);

51.     Communications regarding repairs to the M/V STRANDJA (STRANDJA 01576-1593);

52.     Repair bids for the M/V STRANDJA (STRANDJA 01698-1699);

53.     Repair Invoices

54.     Documentation regarding Safety Quality and Environmental Management System (STRANDJA 01906-1907);

55.     Employment contracts and training certifications for the STRANDJA's Master, Chief Officer and Third Officer (STRANDJA 01908-1952);

56.     USCG AIS and audio from Ch. 67 (Placeholder at Bates STRANDJA 00086);

57.     VDR from the M/V STRANDJA;

58.     ECDIS video from the M/V STRANDJA;

59.     Videos of the subject incident;

60.     Documents reflecting the ship's particulars of the M/V KIEFFER E. BAILEY;

61.     USACE River stage data for day of the subject incident;

62.     U.S.C.G. 2692 Report of Marine Casualty M/V KIEFFER E. BAILEY (MARQUETTE 000002-6);

63.     M/V KIEFFER E. BAILEY ROSE POINT DATA (Placeholder at (MARQUETTE 000007-10);

PD.37110017.1

64. M/V KIEFFER E BAILEY Daily Boat Logs (MARQUETTE 000025-100);

65. M/V KIEFFER E. BAILEY Certification of Documentation (MARQUETTE 000101);

66. M/V KIEFFER E. BAILEY Vessel Accident/ Incident Report September 12, 2017 and October 10, 2017 (MARQUETTE 000114-117);

67. Marquette Personnel File of Jerrell Nobles

68. NMB 002 Procedures (STRANDJA 01953-1961);

69. Lloyd's Register reports and certificates (STANDJA 02349-2363);

70. Documents supporting damages and losses, including SWIFT documents and invoices (STRANDJA 02364-2395);

71. Vessel charters relating to the damages claim (STRANDJA 02396-2457);

72. M/V STRANDJA's policies and procedures for performing repairs (STRANDJA 02458-2486);

73. Canceled checks evidencing damages (STRANDJA 02487-2555);

74. Checklist CH-02-018 (STRANDJA 02568);

75. Collection of Ship Navigation Codes and Conventions (STRANDJA 02569-2574);

76. Guidance on Ships' Routing and Local Rules of Navigation (STRANDJA 02575-2578);

77. Section No. 480 Safety Circulars (STRANDJA 02579-2585);

78. Any exhibit listed by any other party.

**b. <u>Exhibits objected to:</u>**

1. M/V STRANDJA's Safety Management Systems Manual (STRANDJA 01962-2238);

> Objection: Marquette – Not relevant to the extent the entire manual is being introduced. (Federal Rule 403) Marquette does not object to the relevant sections being introduced at trial.

2. R. Johnson Notice to Commissioner (MARQUETTE 000730-731);

3. Log time and description of events (STRANDJA 00318-323);

Objection: Marquette - Hearsay (Federal Rule 802) and no foundation for translation to English foundation (Federal Rule 104). Pilot Johnson joins in the objection.

4.     Statement of Facts (STRANDJA 01252);

Objection: Marquette - Hearsay (Federal Rule 802) and no foundation (Federal Rule 104) . Pilot Johnson joins in the objection.

5.     Field Survey Report- Port Arthur (STRANDJA 01308-1312);

Objection: Marquette - Hearsay (Federal Rule 802) . Pilot Johnson joins in the objection.

6.     Braemar Advice No.1 and Advice No. 2 (STRANDJA 01313-1323);

Objection: Marquette - Hearsay (Federal Rule 802) . Pilot Johnson joins in the objection.

7.     Communications between M/V STRANDJA interests and Flag State regarding the collision (STRANDJA 01400-1520);

Objection: Marquette - Hearsay (Federal Rule 802), foundation (Federal Rule 104), Relevance (Federal Rule 403) . Pilot Johnson joins in the objection.

8.     Communications regarding collision and its classification society (STRANDJA 01521-1697);

Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403), Foundation (Federal Rule 104) . Pilot Johnson joins in the objection.

9.     Communications from M/V STRANDJA regarding collision (STRANDJA 01393-1399);

Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403). Pilot Johnson joins in the objection.

10.    Communications with various repair entities (STRANDJA 01700-1873);

Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403); Foundation (Federal Rule 104). Pilot Johnson joins in the objection.

11.    Communications concerning P&I and/or Hull policy (STRANDJA 01874-1885);

Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403). Pilot Johnson joins in the objection.

12.     Communication/emails regarding the internal investigation into the M/V STRANDJA (STRANDJA 02239-2348);

    Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403), Foundation (Federal Rule 104). Pilot Johnson joins in the objection.

13.     Communications with Flag State (STRANDJA 02556-2567);

    Objection: Marquette - Hearsay (Federal Rule 802), Relevance (Federal Rule 403); Foundation (Federal Rule 104). Pilot Johnson joins in the objection.

**C.  Robert Johnson will introduce the following exhibits at the trial of this matter:**

    **a.  <u>Exhibits to be admitted without objection:</u>**

1.   Vessel Accident Incident Report dated 10/10/17 (Marquette 00116-117)

2.   Lloyd's Register Report (Strandja 001251)

3.   Accident/Near Miss Report (Strandja 001247)

4.   Bell Logger Tape (Strandja 001204)

5.   Diagram of Accident (Strandja 001464)

6.   Malta Marine Accident/Incident Report (Strandja 001236)

7.   Master's Report of Incident (Strandja 01229)

8.   Marquette HSP Manual;

9.   Marquette Personnel Policies;

10. Marquette Emergency Response Procedures;

11. KIEFFER E BAILEY Log (Marquette 00001)

12. M/V STRANDJA Crew List;

13. Personnel File of Jerrell Nobles (Marquette 000559 – 651);

14. General Arrangement and schematics of M/V STRANDJA;

15. M/V STRANDJA Ship's Particulars;

16. Alcohol Testing Form (Johnson 008);

17. U.S. Coast Guard License and Credentials (Johnson 014-017);

18. Training Records of Pilot Johnson (Johnson 019 – 031);

19. Sea Service Report of Pilot Johnson;

20. Licenses, Certificates, and Training Records of Robert Johnson;

21. Any document necessary for rebuttal.

22. Any document listed by any other party.

23. Any documents relied upon by Capt. Nichols.

### b. **Exhibits objected to:**

1.  Email from D. Iliev dated January 3, 2019 (Strandja 001400)

    Objection: Marquette – Hearsay (Federal Rule 802); Foundation (Federal Rule 104)

2.  Email from D. Iliev dated January 8, 2019 (Strandja 001457)

    Objection: Marquette – Hearsay (Federal Rule 802); Foundation (Federal Rule 104)

3.  Photographs, Recordings, and MRTIS images of M/V LUTETIA overtake;

    Objection: Marquette – Irrelevant (Federal Rule 403), Hearsay (Federal Rule 802),

4.  STRANDJA SMS Manual;

    Objection: Marquette – Irrelevant and waste of time to the extent the entire manual is being introduced. (Federal Rule 403) Marquette does not object to the relevant sections listed in its exhibit list being introduced at trial.

5.  Master's Time and Description of Events STRANDJA 00323.;

    Objection:  Marquette - Hearsay (Federal Rule 802); Foundation (Federal Rule 104)

27

6. 2nd Officer's Time and Description of Events;

      Objection: Marquette - Hearsay (Federal Rule 802); Foundation (Federal Rule

104)

Pilot Johnson adopts the objections of Balkan and NMB.

**11.**    **DEPOSITION TESTIMONY TO BE OFFERED AT TRIAL**

### A. By Marquette

1.    Robert Johnson

2.    Kiril Karapanov

3.    Viktor Kokoshyan

4.    Ivan Vasilev

5.    Mariyan Grozdanov Grozdev, Sr. Superintendent of Safety Quality Management Department

6.    Emil N. Kolev, Director Chartering Operations

7.    Emil Yordanov, Chief Officer and Manager of Insurance and Claims for NMB

8.    Dimitar Nedkov Dimitrov, Technical Superintendent

9.    Stanislav M. Stoyanov, Manager Safety of Navigation, Senior Superintendent, Deputy NPA and Deputy Company Security Officer

10.    Any witness unavailable for trial pursuant to the Federal Rules of Civil Procedure.

### B. By Balkan and NMB

1.    Balkan and NMB may use portions of the depositions of Kiril Karapanov, Ivan Vasilev, Viktor Kokoshyan, and Emil Yordanov. Defendants Reserve the right to include excerpts of any deposition offered at trial by any other party.

### C. By Robert Johnson

1.    Pilot Johnson may use portions of the depositions of Kiril Karapanov, Ivan Vasilev, Viktor Kokoshyan, and Emil Yordonav if those witnesses are  not presented live and not permitted to testify via remote means.

2.      Pilot Johnson reserves the right to offer excerpts of any deposition offered at trial by any party.

**12.     DEMONSTRATIVE MATERIALS NOT TO BE OFFERED INTO EVIDENCE BUT USED DURING OPENING STATEMENT AND/OR CLOSING ARGUMENT**

Marquette intends to use a computer reconstruction of the incident that is based on the objective electronic navigational data produced from the STRANDJA's VDR and the KIEFFER E BAILEY's Rosepoint systems. Marquette may also use timelines, graphics, aerial views, transcripts and blow ups of exhibits during opening statement and/or closing argument.  Captain Johnson may also use timelines, graphics, aerial views, transcripts and blow ups of exhibits during opening statement and/or closing argument. Defendants and Captain Johnson object to a computer reenactment, which Marquette has not previously produced, and for lack of foundation. Balkan and NMB may use timelines, graphics, aerial views, transcripts and blow ups of exhibits during opening statement and/or closing argument.

**13.     WITNESS LIST**

**On Behalf of Marquette:**

1.      Captain Jerrell Nobles
        10558 Johnson Road
        Mobile, Alabama 36695
        Will testify regarding the incident as the operator of the KIEFFER E BAILEY.

2.      Captain Michael Berry
        1916 26th Street
        Galveston, Texas 77550
        Will testify regarding the incident as an expert in Mississippi River towboat navigation.

3.      Captain Wayne Wilson
        556 Lowerline Street
        New Orleans, Louisiana 70118
        Will testify regarding the incident as an expert in Mississippi River ship pilotage.

4.      Captain Garreth Fernandes
        2750 Lake Villa Drive, Suite 303
        Metairie, Louisiana 70002
        Will testify regarding the incident as an expert in ocean-going bulk carriers

5.     Steve Cunningham
Independent Maritime Consulting, LLC
700 Louisiana St.
Houston, TX
Will testify regarding incident reconstruction.

Defendants object to this witness because he was not included in Marquette's disclosures or on Marquette's witness list

6.     Ronnie Dupuy or other Marquette representative to testify concerning damages
107 Mallard Street, Suite C
St. Rose, Louisiana 70087
Will testify regarding the damages Marquette sustained from the incident.

7.     Donald Brignac
107 Mallard Street, Suite C
St. Rose, Louisiana 70087
Will testify regarding the incident as an eyewitness to the incident.

Defendants object to this witness because he was not included in Marquette's disclosures or on Marquette's witness list

8.     Robert Johnson
119 Vincent Avenue
Metairie, Louisiana 70005
Will testify regarding the incident as the Pilot aboard the STRANDJA.

9.     Kiril Karapanov
4 BUK STR FL 5 APP 9
Varna, Bulgaria
Will testify regarding the incident as the Master aboard the STRANDJA.

10.     Viktor Kokoshyan
Complex Chaika
B1.61, Entr. A, Ap. 17
Varna 9005, Bulgaria
Will testify regarding the incident as the Third Officer aboard the STRANDJA.

11.     Ivan Vasilev
Sredets Str. 32, Entr. B, Floor 3, Ap. 30
Varna 9000, Bulgaria
Will testify regarding the incident as the Chief Officer of the STRANDJA.

12.     Mariyan Grozdanov Grozdev, Sr. Superintendent of Safety Quality Management Department
Will testify regarding the operations and procedures of Balkan.

30

13.   Emil N. Kolev, Director Chartering Operations
      Will testify regarding Balkan's claim in this matter.

14.   Emil Yordanov, Chief Officer and Manager of Insurance and Claims for NMB
      Will testify regarding Balkan's claim in this matter.

15.   Dimitar Nedkov Dimitrov, Technical Superintendent
      Will testify regarding the operations and procedures of Balkan.

16.   Stanislav M. Stoyanov, Manager Safety of Navigation, Senior Superintendent, Deputy
      NPA and Deputy Company Security Officer
      Will testify regarding the policies and procedures it expected STRANDJA's crew to follow
      on January 3, 2019.

17.   Representative of Budwine & Associates, Inc.
      211 Christine Court
      Covington, Louisiana 70433
      Will testify regarding surveys of the STRANDJA and KIEFFER E BAILEY barges.

18.   Captain Brent Lirette
      510 Aragon Road
      Montegut, Louisiana 70377
      Will testify regarding Capt. Jerrell Nobles' experience and qualifications.

19.   Captain Sol M. Sims
      27978 Oakachoy Loop
      Daphne, Alabama 36526
      Will testify regarding Capt. Jerrell Nobles' experience and qualifications.

20.   George B. Burkley
      Executive Director
      Maritime Pilot's Institute
      401 N. New Hampshire Street
      Covington, Louisiana 70433
      Will testify regarding Robert Johnson's tune up after the incident.

21.   Captain Jack Anderson
      President
      Board of River Port Pilot Commissioners
      2728 Athania Parkway
      Metairie, Louisiana 70002
      Will testify regarding the Board's investigation and response to the incident.

22.   Alessandro Agra
      Surveyor to Lloyd's Register North America, Inc.
      2450 Severn Avenue, #430
      Metairie, Louisiana 70001

31

Will testify regarding his investigation into the incident and information relayed to him by the STRANDJA's crew.

23. To the extent, if any, that an issue should arise regarding the authenticity, content or meaning of an exhibit, Marquette reserves the right to call a document custodian from the appropriate party or company to address the issue

24. Any and all witnesses called by any other party to this action

25. Any witnesses needed for rebuttal

26. Any witness needed for impeachment

**27.** Any witness listed by other parties.

**On Behalf of NMB and Balkan Navigation:**

1. Emil N. Kolev – preferably by Zoom
   Director Chartering Operations
   NMB
   Navibulgar House
   1 Primorski Blvd
   9000 Varna, Bulgaria
   Will testify about the charter the M/V STRANDJA lost because of the incident and the amount of Balkan's resulting damages

2. Emil Yordanov – preferably by Zoom or deposition
   Manager of Insurance and Claims for NMB
   NMB
   Navibulgar House
   1 Primorski Blvd
   9000 Varna, Bulgaria
   Will testify about the invoices Balkan paid to repair the M/V STRANDJA because of the incident and Balkan's damages resulting from the incident

3. Captain Kiril Karapanov, Master onboard the M/V STRANJDA – preferably by Zoom or deposition
   4 BUK STR FL 5 APP 9
   Varna, Bulgaria

   Will testify regarding the incident as Master onboard the STRANDJA.

4. Captain Alan J. Gibbs
   3 Wavertree Court
   Metairie, Louisiana 70005

Will testify regarding the incident as an expert in river transit and pilotage, in accordance with his expert report.

Marquette reasserts its objections raised in its motion in limine (Rec. Doc. 79) as to Gibbs giving incorrect testimony about the application of Inland Navigation Rule 18 to the STRANDJA. Marquette's motion in limine was granted in Rec. Doc. 151.

5.      Captain Bobby Surendra
Principal Surveyor, ABL-Group
100 Wall Street, Suite 2202, New York, New York 10005

Will testify regarding damage and repairs to the STRANJDA due to the incident, in accordance with his expert report.

6.      Captain Robert Johnson
119 Vincent Avenue
Metairie, Louisiana 70005

Will testify regarding the incident as Pilot onboard the STRANDJA

7.      Capt. Michael Gegenheimer

1240 Paterson Dr.
New Orleans, LA 70114

Will testify regarding the incident as captain of the PROVIDENCE Marquette objects to the addition of this witness.

**On Behalf of Robert Johnson:**

1.      Capt. Robert Johnson
119 Vincent Avenue
Metairie, Louisiana 70005
Capt. Robert Johnson was the Pilot onboard the M/V STRANDJA and will testify regarding the circumstances of the allision.

2.      Capt. Gregg Nichols
Helm Logistics Maritime Consulting
2803 Gulf to Bay Boulevard
Clearwater, Florida 33759

Capt. Nichols as an expert master mariner and will testify regarding the causes of the allision and the actions taken by the vessels and mariners involved.

3.      Capt. A.J. Gibbs
Isosceles Maritime Solutions, LLC
3 Wavertree Court

Metairie, Louisiana 70005

Capt. Gibbs is an expert master mariner and will testify regarding the causes of the allision and actions taken by the vessels and mariners involved.

4.   Kiril Karapanov
     4 BUK STR FL 5 APP 9
     Varna, Bulgaria
     Will testify regarding the incident as the Master aboard the STRANDJA.

5.   Viktor Kokoshyan
     Complex Chaika
     B1.61, Entr. A, Ap. 17
     Varna 9005, Bulgaria
     Will testify regarding the incident as the Third Officer aboard the STRANDJA.

6.   Ivan Vasilev
     Sredets Str. 32, Entr. B, Floor 3, Ap. 30
     Varna 9000, Bulgaria
     Will testify regarding the incident as the Chief Officer of the STRANDJA.

8.   Capt. Michael Gegenheimer
     1240 Paterson Dr.
     New Orleans, LA 70114

     Will testify regarding the incident as captain of the PROVIDENCE

     Marquette objects to the addition of this witness.

**13.   FILING OF WITNESS AND EXHIBIT LISTS:**

Witness and exhibit lists have been filed in accordance with the Federal Rules of Civil Procedure and prior Court orders. Further, the parties certify that they have exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior Court orders. Marquette added Donald Brignac who was aboard the vessel that captured one of the incident videos to its witness list and has invited the parties to depose him to the extent any party wants to do so. Marquette also added Steve Cunningham as a witness to testify regarding his reconstruction of the incident. Defendants object to these witnesses.

**14.   JURY/NON-JURY TRIAL:**

This matter will be tried by a jury. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire

34

shall be electronically filed with the Court not later than seven full working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

15.     **BIFURCATION OF ISSUES:**

The issue of liability will not be tried separately from that of quantum.

*Resolved in Rec. Doc 235* (handwritten)

16.     **OTHER MATTERS:**

By Marquette:

Balkan claims Marquette should be responsible for Pilot Johnson's negligence under joint and several liability, which Marquette disputes, because only Pilot Johnson's gross negligence is at issue in this case, for which Marquette cannot be held responsible.  Further, Pilot Johnson's negligence should be imputed to Balkan. Resolving this issue before trial may expedite a disposition of the case. The parties have briefed this issue as a contested issue of law. Resolving this issue before trial may allow the parties to dispose of some or all of the issues presently before the Court by settlement and or streamline the trial process.

Marquette believes that the parties should work together to prepare a joint agreed transcript of the radio and audio recordings to save time at trial.   Doing so will save a considerable amount of time at trial.  Defendants object and submit that a transcript would create a false sense of clarity to the actual audio, which is chaotic, and would misconstrue the things allegedly heard on the audio, in real time, by those onboard the STRANDJA. Pilot Johnson concurs with Defendants, and further believes that the recording is too degraded and difficult to understand to make stipulation on a joint transcript likely.

By Pilot Johnson:

The repair costs, disbursements, and "other costs" claimed by Defendants Balkan and NMB in this matter total $147,478.60. Loss of use damages claimed by Balkan and NMB total $557,686.78. Marquette's damage claim in this matter totals $51,682.37. Marquette has not provided Defendants with a detailed breakdown of their damages between those allocated to repair costs and those related to loss of use. Given that even the alleged combined repair costs arising out of the incident are less than one-third of Balkan's loss of use claim, a pre-trial ruling on the legal issue of whether Balkan and NMB's loss of use damages are properly calculated may allow the parties to dispose of some or all of the issues presently before the Court by settlement and or streamline the trial process.

17.    **COMMENCEMENT AND LENGTH OF TRIAL:**

Trial of this matter is set to commence on Monday, April 4, 2022 at 9:00 a.m. ~~Trial may take eight~~

~~days depending upon how the testimony of Balkan's witnesses will be submitted at trial~~

*[handwritten: Π will have 360 minutes. Δ & 3P Δ will have 400 minutes. Π will have 20 minutes for opening statement & 20 minutes for closing argument. Δ & 3PΔ will 30 have min. for opening & 30 minutes for closing. Dec. Dec. 2/6]*

18.    **STATEMENT REGARDING CONFERENCE OF COUNSEL:**

This pre-trial order has been formulated after conference at which counsel for the respective

parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or

additions, prior to signing. Hereafter, this order will control the course of the trial and may not be

amended except by consent of the parties and the Court, or by order of the Court to prevent manifest

injustice.

19.    **STATEMENT REGARDING POSSIBILITY OF SETTLEMENT:**

The possibility of settlement of this case was considered by way of a settlement conference with

Magistrate Currault. The parties were unable to reach a settlement.


Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    /s/ Adam N. Davis
        Evans Martin McLeod (Bar #24846)
        Adam N. Davis (Bar #35740)
        Justin C. Warner (Bar #37349)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Facsimile: 504-568-9130
        Email: marty.mcleod@phelps.com
        Email: adam.davis@phelps.com
        Email: justin.warner@phelps.com

37

ATTORNEYS FOR MARQUETTE
TRANSPORTATION COMPANY GULF-
INLAND, LLC

**MURPHY, ROGERS, SLOSS, GAMBEL &
TOMPKINS**

BY:    /s/ Timothy D. DePaula
        Robert H. Murphy (#9850)
        rmurphy@mrsnola.com
        Peter B. Sloss (#17142)
        psloss@mrsnola.com
        Timothy D. DePaula (#31699)
        tdepaula@mrsnola.com
        701 Poydras Street, Suite 400
        New Orleans, LA  70139
        Telephone:  (504) 523-0400
        Facsimile:  (504) 523-5574

ATTORNEYS FOR BALKAN NAVIGATION
LTD. AND NAVIGATION MARITIME
BULGARE JSC

**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**

BY:    /s/ Alan R. Davis
        Alan R. Davis (#31694)
        Adelaida J. Ferchmin (#29859)
        601 Poydras St., Suite 2775
        New Orleans, LA  70130
        Telephone:  (504) 568-1990
        Facsimile:  (504) 310-9195
        adavis@lawla.com
        aferchmin@lawla.com

ATTORNEYS FOR CAPT. ROBERT
JOHNSON

New Orleans, Louisiana this _____1_____ day of ___April___, __2022__

_____
NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT